Andrew N. Krinsky  (AK 0997)
Linda S. Roth (LR 8255)
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway
New York, New York  10018
(212) 216-8000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

BRUCE M. MEISEL,

                     Plaintiff,

       -against-

MICHAEL GRUNBERG,
FANNY GRUNBERG,
and ARIEL GRUNBERG,

                  Defendants.

-------------------------------------------------------x

07 Civ. 11610 (PKL)

**AFFIDAVIT OF**
**MICHAEL GRUNBERG**

STATE OF NEW YORK    )
                       ss.:
COUNTY OF NEW YORK  )

    **MICHAEL GRUNBERG,** being duly sworn deposes and says:

    1.     I am one of the defendants in the above referenced matter and I submit this affidavit in support of defendants' motion to dismiss the Complaint herein.  I make this affidavit based on my own personal knowledge.

    2.     Attached as Exhibit A is a true and complete copy of the Purchase, Assignment & Assumption of Partnership Interest (and exhibits thereto) dated July 22, 2005 which is fully executed by plaintiff, me and my brother Ariel Grunberg and consented to by my mother Fanny Grunberg.

**WHEREFORE,** it is respectfully requested that defendants' motion to dismiss the Complaint for failure to state a claim be granted.

Michael Grunberg

Sworn to before me this ⎯⎯ day
of February, 2008

Notary Public

WILSON B. DIEP
Notary Public, State of New York
No. 01DI6000207
Qualified in Queens County
Commission Expires Dec. 15, 20⎯

**EXHIBIT A**

PURCHASE, ASSIGNMENT & ASSUMPTION OF PARTNERSHIP INTEREST

This Agreement made on July 22, 2005 [hereinafter referred to as "AGREEMENT"], is made by BRUCE MEISEL with an address at 263 Center Avenue, Westwood, NJ 07675 [hereinafter referred to as BRUCE]; MICHAEL GRUNBERG residing at One Juniper Hill Road, Greenwich, Connecticut 06830 and ARIEL GRUNBERG residing at 154 Carman Place, East Rockaway, New York 11518 [both collectively referred to as GRUNBERG], and consented to by FANNY GRUNBERG residing at 19 West 55th Street, New York, New York 10019 as individually and as a General Partner of 15 AND 19 WEST 55TH STREET REALTY COMPANY [hereinafter referred to as COMPANY].

## WITNESSETH:

**WHEREAS**, BRUCE is a general partner of COMPANY holding a thirty (30%) percent interest in COMPANY;

**WHEREAS**, BRUCE desires to sell and assign to GRUNBERG, and GRUNBERG desires to purchase from BRUCE, all of BRUCE's right, title and interest in and to BRUCE's interest in Company;

**WHEREAS**, BRUCE and MICHAEL GRUNBERG and their respective attorneys, entered into a letter agreement dated June 23, 2005 [hereinafter referred to as LETTER AGREEMENT];

**NOW, THEREFORE**, in consideration of the foregoing and of the mutual promises and covenants hereinafter contained, it is agreed by, between and among the parties hereto as follows:

1.    The parties hereto represent that the foregoing



Altschul
    & Altschul
Attorneys at Law

{contracts\2005\15&19w55.k2}                    Page 1 of 6.

Recitals are accurate and are hereby incorporated into the body of this AGREEMENT.

2.    That the LETTER AGREEMENT is revised, modified and completely supplanted by this AGREEMENT.

3.    BRUCE acknowledges receipt from COMPANY of his partnership distribution up to and including June 30, 2005 in full.

4.    BRUCE hereby unconditionally and irrevocably assigns, transfers and conveys to GRUNBERG, effective as of July 1, 2005, all of BRUCE's right, title and interest in and to the COMPANY, including, without limitation, all of BRUCE's right, title and interest, if any, in and to the properties commonly known as 15 and 15 West 55th Street, New York, New York as well as capital, distribution, income and allocations made or to be made by COMPANY with respect to BRUCE's interest in COMPANY. This assignment by BRUCE is without recourse, representation or warranty except as follows:

> a)    BRUCE is the sole owner of the interest in COMPANY that BRUCE is assigning herein, which interest is free and clear of any liens and/or judgments;
>
> b)    BRUCE is not subject to any law, order, decree, restriction or agreement which would prohibit or violate this AGREEMENT, the assignment herein or the completion of the transactions contemplated by this AGREEMENT.
>
> c)    This AGREEMENT and the assignment herein have been duly and validly executed and delivered by and constitutes a valid and legally binding agreement on BRUCE enforceable in accordance with its terms.

5.    GRUNBERG hereby accepts the assignment by BRUCE of his interest in COMPANY as of July 1, 2005 and assumes all liabilities

with respect to such assignment by BRUCE accruing from ~~and~~ after *either before OR* July 22, 2005. GRUNBERG hereby accepts and adopts the terms of the COMPANY's partnership agreement dated "September    , 1976".

6.    That in consideration of the assignment by BRUCE of his interest in the COMPANY, GRUNBERG shall pay upon execution hereof by all the parties hereto the sum of Seven Million Eight Hundred Thousand ($7,800,000.00) Dollars by bank or certified funds payable to BRUCE's order without endorsement.

7.    That upon the execution and delivery of this AGREEMENT, the parties agree to also execute and deliver the seven (7) General Releases in substantially the form as annexed hereto as Exhibit 1. Further, the parties agree that after execution and delivery of this AGREEMENT, COMPANY and/or GRUNBERG at their expense may cause their attorneys to file the Amendment Certificate with the New York County Clerk in substantially the form annexed hereto as Exhibit 2.

8.    This AGREEMENT contains the entire understanding of the parties.    There are no representations, warranties, promises, covenants or undertakings other than those expressly set forth in writing in this AGREEMENT.

9.    No oral statement or prior written matter extrinsic to this AGREEMENT shall have any force or effect, nor shall this AGREEMENT, or any provision hereof, be amended, modified, waived, or terminated, or be deemed amended, modified, waived, or terminated, except by an agreement in writing duly subscribed and acknowledged with the same formality as this AGREEMENT. No waiver by either party of any provision of this AGREEMENT or any right or option hereunder,





Altschul
& Altschul
Attorneys at Law

{contracts\2005\15&19w55.k2}                Page 3 of 6.

shall be deemed a continuing waiver and no such waiver shall prevent or estop such party from thereafter enforcing any previously waived provision, right or option, and the failure of either party to insist in one or more instances upon the strict performance of any of the terms or provisions of this AGREEMENT by the other party shall not be construed as a waiver or relinquishment for the future of any such term or provision, but the same shall continue in full force and effect.

10.   This AGREEMENT is made in the State of New York and shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to the conflict of laws principles thereof.  It shall be deemed that all contacts of the parties have occurred solely within the State of New York.  In the event that any provision of this AGREEMENT shall be held invalid or otherwise unenforceable, it is the intention of the parties and it is hereby agreed, that the balance of this AGREEMENT shall be deemed severable therefrom and shall remain in full force and effect.

11.   Each party shall, upon the request of the other, take any and all steps and execute, acknowledge and deliver to the other party any and all further instruments necessary or expedient to effectuate the purpose and intent of this AGREEMENT.

12.   This AGREEMENT shall inure to the benefit and shall be binding upon the heirs, executors and administrators of the parties hereto.

13.   FANNY GRUNBERG hereby consents to this AGREEMENT and the assignment and assumption contained herein.  Further she agrees that



Altschul
& Altschul
Attorneys at Law

(contracts\2005\15&19w55.k2)                    Page 4 of 6.

GRUNBERG shall be admitted as a general partner in the COMPANY in place and stead of BRUCE. That GRUNBERG shall assume and acquire all of BRUCE's partnership rights, duties and obligations to be those previously possessed by BRUCE pursuant to the COMPANY's partnership agreement dated "September  , 1976".

IN WITNESS WHEREOF, the parties have executed this AGREEMENT on the date first written above.

_____
BRUCE MEISEL

_____
ARIEL GRUNBERG

CONSENTED TO:

_____
MICHAEL GRUNBERG

_____
FANNY GRUNBERG,
*individually and as
General Partner of* 15
AND 19 WEST 55TH STREET
REALTY COMPANY

STATE OF NEW YORK, COUNTY OF NEW YORK }ss:

On July 27 , 2005  before me, the undersigned, a Notary Public in and for said State, personally appear BRUCE MEISEL, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

CHARISA J. GOODMAN
NOTARY PUBLIC, State of New York
No. 01GO5077989
Qualified in New York County
Commission Expires May 19, 2007

Altschul
& Altschul
Attorneys at Law

{contracts\2005\15&19w55.k2}          Page 5 of 6.

STATE OF NEW YORK, COUNTY OF NEW YORK }ss:

On July 21 , 2005  before me, the undersigned, a Notary Public in and for said State, personally appear FANNY GRUNBERG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

Susan Donahue
Notary Public, State of New York
Reg #01DO6105202, Nassau County
Commission Expires February 2, 2008

_____
                    NOTARY PUBLIC


STATE OF NEW YORK, COUNTY OF NEW YORK }ss:

On July 21 , 2005  before me, the undersigned, a Notary Public in and for said State, personally appear ARIEL GRUNBERG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

Susan Donahue
Notary Public, State of New York
Reg #01DO6105202, Nassau County
Commission Expires February 2, 20.08

_____
                    NOTARY PUBLIC


STATE OF NEW YORK, COUNTY OF NEW YORK }ss:

On July 12 , 2005  before me, the undersigned, a Notary Public in and for said State, personally appear MICHAEL GRUNBERG, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

Susan Donahue
Notary Public, State of New York
Reg #01DO6105202, Nassau County
Commission Expires February 2, 20.08

_____
                    NOTARY PUBLIC

Altschul
& Altschul
Attorneys at Law

{contracts\2005\15&19w55.k2}                Page 6 of 6.

*To All To Whom These Presents Shall Come Or May Concern,*

    *Greeting:* KNOW YE, That  FANNY  GRUNBERG   for and in consideration of the sum of   Ten dollars ($  10.00   ) lawful money of the United States of America to  FANNY  GRUNBERG   in hand paid by   BRUCE  MEISEL    the receipt whereof is hereby acknowledged, has remised, released and forever discharged, and by these presents does for   herself   and   her   heirs, executors and administrators, successors and assigns, remise, release and forever discharge the said   BRUCE  MEISEL   and heirs, executors and administrators, successors and assigns of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty, or in equity, which against  BRUCE  MEISEL   , said  FANNY GRUNBERG   ever had, now has or which   her   heirs, executors and administrators, successors and assigns hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

    This release may not be changed orally.

    *In Witness Whereof,*  I  have executed this release on  July 2|  , 2005 .

_____
                 FANNY  GRUNBERG

**STATE OF NEW YORK, COUNTY OF**  NEW YORK  ss:

    On  July 2|,  2005  before me, the undersigned, a Notary Public in and for said State, personally appear  FANNY GRUNBERG  , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
             Notary Public

Susan Donahue
Notary Public, State of New York
Reg #01DO6105202, Nassau County
Commission Expires February 2, 20_

{genrelin.mer}

# Exhibit 1

### *To All To Whom These Presents Shall Come Or May Concern,*

*Greeting:* KNOW YE, That  ARIEL GRUNBERG  for and in consideration of the sum of  Ten dollars ($  10.00  ) lawful money of the United States of America to  ARIEL GRUNBERG  in hand paid by  BRUCE MEISEL  the receipt whereof is hereby acknowledged, has remised, released and forever discharged, and by these presents does for  himself  and  his  heirs, executors and administrators, successors and assigns, remise, release and forever discharge the said  BRUCE MEISEL  and heirs, executors and administrators, successors and assigns of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty, or in equity, which against  BRUCE MEISEL  , said  ARIEL GRUNBERG  ever had, now has or which  his  heirs, executors and administrators, successors and assigns hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

This release may not be changed orally.

*In Witness Whereof,*  I  have executed this release on  July 21 , 2005.

_____
ARIEL GRUNBERG

**STATE OF NEW YORK, COUNTY OF**  NEW YORK  ss:

On  July 21, 2005  before me, the undersigned, a Notary Public in and for said State, personally appear  ARIEL GRUNBERG  , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Susan Donahue
Notary Public, State of New York
Reg #01DO6105202, Nassau County
Commission Expires February 2, 20__

l:gcurelin.mer1

# Exhibit 1

### *To All To Whom These Presents Shall Come Or May Concern,*

*Greeting:* KNOW YE, That  MICHAEL GRUNBERG  for and in consideration of the sum of  Ten dollars ($  10.00  ) lawful money of the United States of America to  MICHAEL GRUNBERG  in hand paid by  BRUCE MEISEL  the receipt whereof is hereby acknowledged, has remised, released and forever discharged, and by these presents does for  himself  and  his  heirs, executors and administrators, successors and assigns, remise, release and forever discharge the said  BRUCE MEISEL  and heirs, executors and administrators, successors and assigns of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty, or in equity, which against  BRUCE MEISEL  , said  MICHAEL GRUNBERG  ever had, now has or which  his  heirs, executors and administrators, successors and assigns hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

This release may not be changed orally.

*In Witness Whereof,*  I  have executed this release on  July 1V , 2005.

_____
MICHAEL GRUNBERG

**STATE OF NEW YORK, COUNTY OF**  NEW YORK  ss:

On  July 1C, 2005  before me, the undersigned, a Notary Public in and for said State, personally appear  MICHAEL GRUNBERG  , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**Susan Donahue**
**Notary Public, State of New York**
**Reg #01DO6105202, Nassau County**
**Commission Expires February 2, 20__**

[genrelin.mer]

# Exhibit 1

### To All To Whom These Presents Shall Come Or May Concern,

*Greeting:* KNOW YE, That 15 AND 19 WEST 55TH STREET REALTY COMPANY for and in consideration of the sum of Ten dollars ($ 10.00 ) lawful money of the United States of America to it in hand paid by BRUCE MEISEL the receipt whereof is hereby acknowledged, has remised, released and forever discharged, and by these presents does for itself and its heirs, executors and administrators, successors and assigns, remise, release and forever discharge the said BRUCE MEISEL and heirs, executors and administrators, successors and assigns of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty, or in equity, which against BRUCE MEISEL , said 15 AND 19 WEST 55TH STREET REALTY COMPANY ever had, now has or which it heirs, executors and administrators, successors and assigns hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents. This release may not be changed orally.

*In Witness Whereof*, I have executed this release on July 21 , 2005 .

15 AND 19 WEST 55TH STREET
RELAY COMPANY

By _____
FANNY GRUNBERG, General
Partner

### STATE OF NEW YORK, COUNTY OF NEW YORK ss:

On July 21, 2005 before me, the undersigned, a Notary Public in and for said State, personally appear 15 AND 19 WEST 55TH STREET REALTY COMPANY , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Susan Donahue
Notary Public, State of New York
Reg #01DO6105202, Nassau County
Commission Expires February 2, 2008

{gewrdin.mcr}

## Exhibit 1

## TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,

**KNOW THAT**
FANNY GRUNBERG & ASSOCIATES, LLC
A Limited Liability Company organized under the laws of the State of   New York   as RELEASOR, in
consideration of the sum of   TEN   ($   10.00   ) Dollars, received from
BRUCE MEISEL
as RELEASEE, receipt whereof is hereby acknowledged, releases and discharges
BRUCE MEISEL
the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of
action, suits, debts, dues, sum of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts,
controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and
demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S
successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter,
cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural
number as the text of the within instrument may require.

This RELEASE may not be changed orally.

**IN WITNESS WHEREOF,** the RELEASOR, has caused *this RELEASE to be executed by
its duly authorized officers and its corporate seal to be hereunto affixed* on   July \12 , 2005

In presence of:                         FANNY   GRUNBERG   &   ASSOCIATES,
                                        LLC

By   Michael G

                                        GRUNBERG, Manager

*STATE OF*   New York        *COUNTY OF*    NEW YORK    ss:

On   July \12 , 2005   before me, the undersigned, a Notary Public in and for said State,
personally appear   MICHAEL        GRUNBERG , personally known to me or proved to me on the basis
of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s)
on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the
instrument.

Susan Donahue
Notary Public, State of New York
Reg #01DO6105202, Nassau County
Commission Expires February 2, 2008

Notary Public

{genrelcp.mer}

## Exhibit 1

**TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN,**

KNOW THAT
COAST EQUITIES, LLC
A Limited Liability Company organized under the laws of the State of New York as RELEASOR, in consideration
of the sum of TEN ($ 10.00 ) Dollars, received from
BRUCE MEISEL
as RELEASEE, receipt whereof is hereby acknowledged, releases and discharges
BRUCE MEISEL
the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action,
suits, debts, dues, sum of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies,
agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law,
admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now
have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning
of the world to the day of the date of this RELEASE.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the
text of the within instrument may require.

This RELEASE may not be changed orally.

**IN WITNESS WHEREOF,** the RELEASOR, has caused *this RELEASE to be executed by its duly*
*authorized officers and its corporate seal to be hereunto affixed* on July 1ν , 2005

In presence of:                          COAST EQUITIES, LLC

By _Michael G_____

                                          GRUNBERG Manager

STATE OF New York        COUNTY OF NEW YORK        ss:

On July 1ν , 2005 before me, the undersigned, a Notary Public in and for said State, personally
appear MICHAEL GRUNBERG , personally known to me or proved to me on the basis of satisfactory evidence
to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the
person upon behalf of which the individual(s) acted, executed the instrument.

Susan Donahue
Notary Public, State of New York
Reg #01DO6105202, Nassau County
Commission Expires February 2, 20__

_____
Notary Public

[genrelep.mer]

# Exhibit 1

*To All To Whom These Presents Shall Come Or May Concern,*

*Greeting:* KNOW YE, That BRUCE MEISEL for and in consideration of the sum of Ten dollars ($ 10.00 ) lawful money of the United States of America to him in hand paid by FANNY GRUNBERG; FANNY GRUNBERG & ASSOCIATES, LLC; ARIEL GRUNBERG; MICHAEL GRUNBERG; 15 AND 19 WEST 55TH STREET REALTY COMPANY; and, COAST EQUITIES, LLC the receipt whereof is hereby acknowledged, has remised, released and forever discharged, and by these presents does for himself and his heirs, executors and administrators, successors and assigns, remise, release and forever discharge the said FANNY GRUNBERG; FANNY GRUNBERG & ASSOCIATES, LLC; ARIEL GRUNBERG; MICHAEL GRUNBERG; 15 AND 19 WEST 55TH STREET REALTY COMPANY; and, COAST EQUITIES, LLC and heirs, executors and administrators, successors and assigns of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty, or in equity, which against FANNY GRUNBERG; FANNY GRUNBERG & ASSOCIATES, LLC; ARIEL GRUNBERG; MICHAEL GRUNBERG; 15 AND 19 WEST 55TH STREET REALTY COMPANY; and, COAST EQUITIES, LLC , said BRUCE MEISEL ever had, now has or which his heirs, executors and administrators, successors and assigns hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

The Terms of this Release shall not apply to any rights Releasor may have, and obligations Releasee may have under and pursuant to that certain Indemnification and Hold Harmless Agreement dated as of July 22, 2005, all of which rights and obligations are preserved.

This release may not be changed orally.

*In Witness Whereof,* I have executed this release on July 22 , 2005 .

_____
BRUCE MEISEL

**STATE OF NEW YORK, COUNTY OF** } ss:

On July 22, 2005 before me, the undersigned, a Notary Public in and for said State, personally appear BRUCE MEISEL , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

{genrelin.mer}

CHARISA J. GOODMAN
NOTARY PUBLIC, State of New York
No. 01GO5077989
Qualified in New York County
Commission Expires May 19, 2007

*To All To Whom These Presents Shall Come Or May Concern,*

*Greeting:* KNOW YE, That  BRUCE MEISEL  for and in consideration of the sum of  Ten  dollars ($ 10.00 ) lawful money of the United States of America to  him  in hand paid by  FANNY GRUNBERG;    FANNY GRUNBERG & ASSOCIATES, LLC;    ARIEL GRUNBERG; MICHAEL GRUNBERG;  15 AND 19 WEST 55TH STREET REALTY COMPANY;  and, COAST EQUITIES, LLC   the receipt whereof is hereby acknowledged, has remised, released and forever discharged, and by these presents does for  himself  and  his  heirs, executors and administrators, successors and assigns, remise, release and forever discharge the said  FANNY GRUNBERG;    FANNY GRUNBERG & ASSOCIATES, LLC;  ARIEL GRUNBERG;  MICHAEL GRUNBERG;  15 AND 19 WEST 55TH STREET REALTY COMPANY;  and, COAST EQUITIES, LLC and heirs, executors and administrators, successors and assigns of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, in admiralty, or in equity, which against  FANNY GRUNBERG;    FANNY GRUNBERG & ASSOCIATES, LLC;    ARIEL GRUNBERG; MICHAEL GRUNBERG;  15 AND 19 WEST 55TH STREET REALTY COMPANY;  and, COAST EQUITIES, LLC  , said  BRUCE MEISEL  ever had, now has or which  his  heirs, executors and administrators, successors and assigns hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

The Terms of this Release shall not apply to any rights Releasor may have, and obligations Releasee may have under and pursuant to that certain Indemnification and Hold Harmless Agreement dated as of July 22, 2005, all of which rights and obligations are preserved.

This release may not be changed orally.

*In Witness Whereof,*  I  have executed this release on  July 22 , 2005 .

_____
BRUCE MEISEL

## STATE OF NEW YORK, COUNTY OF                    } ss:

On  July 22, 2005  before me, the undersigned, a Notary Public in and for said State, personally appear  BRUCE MEISEL  , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

{genrelin.mer}

CHARISA J. GOODMAN
NOTARY PUBLIC, State of New York
No. 01GO5077989
Qualified in New York County
Commission Expires May 19, 2007

## INDEMNITY AND HOLD HARMLESS AGREEMENT

**THIS INDEMNITY AND HOLD HARMLESS AGREEMENT** ("**Agreement**"), is made as of July __, 2005, by and between **MICHAEL GRUNBERG**, an individual, residing at One Juniper Hill Road, Greenwich, Connecticut 06830 ("M.GRUNBERG"), **ARIEL GRUNBERG**, an individual residing at 154 Carman Place, East Rockaway, New York 11518 ("A. GRUNBERG"), **FANNY GRUNBERG**, an individual residing at 19 West 55th Street, New York, New York 10019 ("F.Grunberg"), and **15 AND 19 WEST 55TH STREET REALTY COMPANY**, a New York General Partnership with an office at 19 West 55th Street, New York, New York 10019 (the "Company") (M.Grunberg, A.Grunberg, F.Grunberg and the Company are each an "**Indemnitor**" and are referred to collectively herein as "**Indemnitors**") and **BRUCE MEISEL**, an individual with an address at 263 Center Street, Westwood, New Jersey 07675 ("**Principal**").

## W I T N E S S E T H:

**WHEREAS**, the parties hereto have entered into a certain Purchase, Assignment & Assumption of Partnership Interest Agreement dated as of July __, 2005 (the "Purchase and Assumption Agreement"), pursuant to which, inter alia., Principal shall sell and assign, and M. Grunberg and A. Grunberg shall buy and accept the assignment of and assume, all of Principal's partnership interests in and to, and obligations and liabilities with respect to, the Company; and

**WHEREAS**, following the consummation of the transaction contemplated by the Purchase and Assignment Agreement, Principal shall have no other or further rights or obligations as a partner in the Company; and

WHEREAS, Principal has not been the managing partner of the Company and F.Grunberg has been the managing partner of the Company;

**WHEREAS**, Indemnitors will derive, directly or indirectly, substantial financial and other benefits from the sale of Principal's interests in the Company; and

**WHEREAS**, Principal and Indemnitors desire to provide for Indemnitor's indemnification of Principal with respect to all obligations and liabilities, known or unknown, latent or patent, past, present or future relating to or arising from the Company.

**NOW, THEREFORE**, in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Principal and Indemnitors agree as follows:

1.    **Indemnification and Hold Harmless Obligations**.

Indemnitors hereby agree that they shall, jointly and severally, (a) indemnify and hold harmless Principal from and against any and all liabilities, debts and/or obligations of Principal arising out of or in any way relating to the Company or to Principal's interests therein and (b) protect, defend and hold harmless the Principal from and against (i) any and all liabilities or obligations arising out of or in any way relating to the Company or to Principal's interests therein and (ii) any and all costs, fees and/or expenses relating to such indemnified liabilities and obligations, including any and all attorneys' fees and costs relating thereto (the **"Indemnified Liabilities"**).    In furtherance of the above, Indemnitors specifically agree, without limiting their obligations hereunder, that, in the event Principal is subjected to any claim by any person, entity, partnership or governmental body and such claim constitutes an Indemnified Liability, Indemnitors shall, in consultation with Principal and at their sole cost and expense, provide legal counsel for Principal and Indemnitors shall pay and satisfy any and all liability and amounts found to be due and owing from Principal or for which Principal may be subject to liability with respect to any such claim.  Indemnitors waive all rights of contribution and have, by a separate writing, released Principal from any and all liability or obligations whatsoever, including those with respect to the Company. The parties hereto recognize that the indemnification and hold harmless obligations hereunder relate to acts and actions that have occurred during the time period from the formation of the Company until 12:01 a.m. Daylight Savings Time on July 23, 2005, and they are in addition to, and not in lieu of, any insurance coverage that may be applicable for the benefit of the Company, its partners and its former partners.  The parties further agree that the indemnification obligation hereunder shall not apply to any intentional torts as may be held to have been committed by Principal.

2.    **Indemnification Procedures**.

(a)    Principal or Indemnitors shall give to the other party prompt written notice after Principal or Indemnitors become aware of or receive notice of any suit, action, proceeding, exercise of rights or remedies, or other claim with respect to any Indemnified Liabilities (a "**Claim**"), which notice (a "**Claim Notice**") shall specify the factual basis of such Claim in reasonable detail; provided, however, that the failure of Principal to so notify Indemnitors shall not limit or otherwise affect Principal's rights to be indemnified pursuant hereto except to the extent such delay shall materially adversely prejudice Indemnitors' defense of such Claim.  Principal and Indemnitors agree to cooperate in a commercially reasonable manner with the other party hereto in the conduct and resolution of each and every Claim.

(b)    Principal shall have the full and exclusive right and authority to supervise, manage, direct the defense of and settle, compromise, consent to the entry of judgment with respect to and pay any Claim with respect to any of the Indemnified Liabilities and commence and prosecute any suit, action or proceeding (including, without limitation,

any counterclaim) initiated by Principal or Indemnitors in response to any Claim with respect to any of the Indemnified Liabilities.

(c)     The parties hereto expressly acknowledge that the rights vested in the Principal under Paragraph 2(b) hereof are subject to the rights of any insurance provider whose contract of insurance with the Company invests that insurance provider with the exclusive right and authority to supervise, manage, direct the defense of and settle, compromise, or consent to the entry of judgment with respect to and pay any such Claim .

3.     **Obligations Unconditional**.  Indemnitors and Principal hereby agree that their respective obligations under this Agreement shall be and are unconditional, irrespective of:

(a)     the validity, enforceability, avoidance, novation or subordination of any of the Indemnified Obligations;

(b)     the waiver, consent, extension, forbearance or granting of any indulgence by, or on behalf of, either party to the other;

(c)     the disallowance, under Section 502 of the United States Code (11 U.S.C. 101 et seq.), of all or any portion of the claims of either party against the other; or

(d)     any other circumstance which might otherwise constitute a legal or equitable discharge or defense of either party hereto.

4.     **Representations and Warranties**.  Indemnitors represent and warrant to Principal that Indemnitors have all necessary power and authority to execute and deliver this Agreement and to perform its obligations hereunder.  This Agreement constitutes the valid and legally binding obligation of Indemnitors enforceable in accordance with its terms and conditions, except as such enforceability may be limited by bankruptcy, insolvency, liquidation, moratorium, reorganization or other similar laws affecting rights of creditors generally and by general principles of equity (regardless of whether considered in a proceeding at law or in equity).  Principal represents to the Indemnitors that he has is not aware of any facts or circumstances which could give rise to a claim on behalf of any third party against the Company, and Principal further represents that he has taken no affirmative act or action which, to the best of his knowledge, could give rise to a claim against the Company by any third party.

5.     **Reinstatement**.  To the extent that any party makes a payment or payments to the other, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid under any bankruptcy law, state or federal law, common law or equitable cause, then, to the extent of such payment or repayment, the part of the Indemnified Liabilities, which has been paid, reduced or satisfied by such amount shall be reinstated and continued in full force and effect as to the time immediately preceding such initial payment, reduction or satisfaction.

6.   **Enforcement: Amendments; Waivers**.  Subject to the procedures set forth in Section 2 hereof, no delay on the part of either party in the exercise of any right or remedy arising under this Agreement or otherwise with respect to all or any part of the Indemnified Liabilities shall operate as a waiver thereof, and no single or partial exercise by such party of any such right or remedy shall preclude any further exercise thereof.  No modification or waiver of any of the provisions of this Agreement shall be binding upon Principal, except as expressly set forth in a writing duly signed and delivered by the party sought to be charged therewith.  Failure by a party at any time or times hereafter to require strict performance by Indemnitors of all or part of Indemnitors' obligations hereunder shall not waive, affect or diminish any right of such party at any time or times hereafter to demand strict performance thereof.

7.   **Enforceability of Indemnities; Contribution**.  To the extent that any indemnity provided for in this Agreement is held by a court of competent jurisdiction to be unenforceable by virtue of any law, public policy or common law doctrine, the Indemnitors agree to contribute the maximum portion that they, and each of them, are permitted to contribute under applicable law to the payment and satisfaction of their joint and several liability under this Agreement, but not in excess of the maximum amount which they, or any of them, would have been obligated to pay if such indemnification were available. Notwithstanding anything herein to the contrary, to provide for just and equitable contribution, the parties hereto agree that if Principal makes a claim for indemnification pursuant to this Agreement that is judicially determined not to be enforceable, even though this Agreement expressly provides for indemnification, then each of Indemnitors and Principal hereby agree that in all cases the relative fault of Indemnitors shall be judicially determined and each Indemnitor agrees to pay to Principal as contribution, an amount equal to the percentage of Indemnitors' overall liability found to be attributable thereto.

8.   **Separate Right of Action**.  A separate right of action hereunder shall arise each time a party hereunder acquires knowledge of any matter which may require indemnification pursuant to this Agreement or of any violation of any of the terms hereof. Separate and successive actions may be brought hereunder to enforce any of the provisions hereof at any time and from time to time.  No action hereunder shall preclude any subsequent action, and each party hereby waives and covenants not to assert any defense in the nature of splitting of causes of action or merger of judgments.

9.   **Effectiveness: Termination**.  This Agreement shall become effective upon its execution by Indemnitors and Principal.  This Agreement shall continue in full force and effect with respect to any Claim made, or of which the Company becomes aware, within a period of six (6) years from the date hereof, and the Indemnification and Hold Harmless Obligations hereunder shall continue in full force and effect until the final resolution of each such Claim.   Upon the expiration of the Indemnity and Hold Harmless Obligations hereunder, each party shall have and may exercise such common-law and/or statutory rights of indemnification or contribution as they may have add if this Agreement had never existed. In addition, the Indemnification and Hold Harmless Obligations with respect to

environmental claims, including but not limited to lead paint liability claims, shall not terminate and shall remain in full force and effect indefinitely.

10.    **Successors and Assigns**.  This Agreement shall be binding upon and inure to the benefit of Indemnitors and their respective successors, assigns, heirs, distributees and personal representatives and shall be binding upon and inure to the benefit of Principal and his respective successors, assigns, heirs, distributees and personal representatives.    All references herein to Indemnitors and Principal shall be deemed to include their respective successors, assigns, heirs, distributees and personal representatives.    All references to the singular shall be deemed to include the plural where the context so requires.    All references to the plural shall be deemed to include the singular where the context so requires.

11.    **Governing Law; Jurisdiction, Waivers**.

(a)    This Agreement has been negotiated, executed and delivered and shall be governed by and construed in accordance with the laws of the State of New York from time to time in effect, without giving effect to the State of New York's principles of conflicts of law, except that it is the intent and purpose of Principal and Indemnitors that the provisions of Section 5-1401 of the General Obligations Law of the State of New York shall apply to this Agreement.    EACH PARTY HERETO AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY SHALL BE TRIED AND LITIGATED IN STATE OR FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, UNLESS SUCH ACTIONS OR PROCEEDINGS ARE REQUIRED TO BE BROUGHT IN ANOTHER COURT TO OBTAIN SUBJECT MATTER JURISDICTION OVER THE MATTER IN CONTROVERSY.    TO THE EXTENT PERMITTED BY LAW, EACH PARTY HERETO IRREVOCABLY WAIVES ANY RIGHT ANY PARTY HERETO MAY HAVE TO ASSERT THE DOCTRINE OF FORUM NON CONVENIENS, TO ASSERT THAT ANY PARTY HERETO IS NOT SUBJECT TO THE JURISDICTION OF THE AFORESAID COURTS OR TO OBJECT TO VENUE TO THE EXTENT ANY PROCEEDING IS BROUGHT IN ACCORDANCE WITH THIS SECTION 11.  SERVICE OF PROCESS, SUFFICIENT FOR PERSONAL JURISDICTION IN ANY ACTION AGAINST ANY PARTY HERETO, MAY BE MADE BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO ANY SUCH PARTY'S ADDRESS INDICATED IN SECTION 12 HEREOF.

(b)    EACH OF PRINCIPAL AND INDEMNITORS HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVES, IN CONNECTION WITH ANY SUIT, ACTION OR PROCEEDING BROUGHT BY THE OTHER PARTY HERETO UNDER THIS AGREEMENT OR IN CONNECTION WITH ANY TRANSACTION CONTEMPLATED HEREBY, ANY AND EVERY RIGHT THE PARTIES MAY HAVE TO A TRIAL BY JURY.

12.    **Notices**.    Any notice, report, demand or other instrument authorized or required to be given or furnished ("**Notices**") shall be in writing and shall be given as

follows: (a) by hand delivery; (b) by deposit in the United States mail as first class certified mail, return receipt requested, postage paid; (c) by overnight nationwide commercial courier service; or (d) by telecopy transmission with a confirmation copy to be delivered by duplicate notice in accordance with any of <u>clauses (a)</u> through <u>(c)</u> immediately above, in each case, to the party intended to receive the same at the following address(es):

If to **Michael Grunberg**:

One Juniper Hill Road
Greenwich Connecticut 06830
Facsimile: (203)869-5954

If to **Ariel Grunberg**:

154 Carman Place
East Rockaway, New York 11518
Facsimile: (516)593-2369

If to **Fanny Grunberg**:

19 West 55th Street
New York, New York 10019
Fascimile: (212)586-9833

If to **15 and 19 West 55th Street Realty Company**:

19 West 55th Street
New York, New York 10019
Attn: Fanny Grunberg
Facsimile: (212)586-9833

In each case with a copy to:

Mark M. Altschul, Esq.
Altschul & Altschul
18 East 12th Street
New York, New York 10003
Facsimile: (212) 727-9615

If to **Bruce Meisel**:
263 Center Avenue, Box 66
Westwood, New Jersey 07675
Facsimile: (201) 666-4386

With a copy to:

Solomon and Weinberg LLP
Two University Plaza
Hackensack, New Jersey 07601
Attention: Cory Mitchell Gray, Esq.
Facsimile: (201) 487-6633

Any party may change the address to which any such Notice is to be delivered, by furnishing ten (10) days written notice of such change to the other parties in accordance with the provisions of this Section 12. Notices shall be deemed to have been given on the date they are actually received; provided, however, that the inability to deliver Notices because of a changed address of which no Notice was given, or rejection or refusal to accept any Notice offered for delivery shall be deemed to be receipt of the Notice as of the date of such inability to deliver or rejection or refusal to accept delivery. Failure or delay in delivering copies of any Notice within any corporation or firm to the persons designated to receive copies shall in no way adversely affect the effectiveness of such Notice. Notice for any party may be given by its respective counsel.

13. **Severability**. Wherever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Agreement shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or the remaining provisions of this Agreement.

14. **Further Assurance**. At any time, and from time to time after the date hereof, each party shall, without further consideration and at its own costs and expense, execute and deliver such additional agreements, instruments documents or certificates and take such further action as shall reasonably be requested by any other party to this Agreement in order to carry out the provisions of this Agreement.

15. **Entire Agreement**. This Agreement embodies the entire agreement and understanding between the parties hereto relating to the subject matter hereof and supercedes all prior agreements and understandings to the extent that it relates to such subject matter, and it is agreed that there are no terms, understandings, representations, or warranties, express or implied, other than those set forth herein.

16.    **Merger**.  This Agreement represents the final agreement of Indemnitors and Principal with respect to the matters contained herein and may not be contradicted by evidence of prior or contemporaneous agreements, or subsequent oral agreements, between Indemnitors and Principal.

17.    **No Third Party Beneficiary**.  This Agreement is for the purpose of defining the respective rights and obligations of the parties hereto and is not for the benefit of any third party.

18.    **No Oral Modification**.  Neither this Agreement nor any term hereof may be changed, waived, discharged or terminated unless such change, waiver, discharge or termination is in writing and signed by each of the parties hereto.

19.    **Counterparts**.  This Agreement may be executed in multiple counterparts, each of which shall constitute a duplicate original, but all of which together shall constitute one and the same instrument.

20.    **Consultation**.  Each of the parties hereto represents and warrants that it has consulted with its advisors and counsel with respect to its obligations under this Agreement and the adequacy of the consideration that it has received with respect thereto, and that such consideration is in all respects adequate and the value thereof is not less than the value of its obligations under this Agreement.

21.    **Attorneys' Fees**.  If any party to this Agreement obtains a final non-appealable judgment from a court of competent jurisdiction against any other party by reason of breach of this Agreement, the prevailing party's reasonable attorneys' fees and expenses, as fixed by the court, shall be included in such judgment.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Principal and Indemnitors have duly executed this Agreement as of the date first above written.

PRINCIPAL:

_____
BRUCE MEISEL

INDEMNITORS:

_____
MICHAEL GRUNBERG

_____
ARIEL GRUNBERG

_____
FANNY GRUNBERG

15 AND 19 WEST 55TH STREET REALTY COMPANY

_____
BY: FANNY GRUNBERG
ITS: GENERAL PARTNER

Form NY-019  Power of Attorney, Statutory Short Form, Revised 1/2002-(with Affidavit of Effectiveness © 1994 Fidelity National Title Insurance Company of New York)

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY**

---

### DURABLE GENERAL POWER OF ATTORNEY
### NEW YORK STATUTORY SHORT FORM
### THE POWERS YOU GRANT BELOW CONTINUE TO BE EFFECTIVE
### SHOULD YOU BECOME DISABLED OR INCOMPETENT

(CAUTION:  THIS IS AN IMPORTANT DOCUMENT.  IT GIVES THE PERSON WHOM YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY DURING YOUR LIFETIME, WHICH MAY INCLUDE POWERS TO MORTGAGE, SELL, OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU.  THESE POWERS WILL CONTINUE TO EXIST EVEN AFTER YOU BECOME DISABLED OR INCOMPETENT.  THESE POWERS ARE EXPLAINED MORE FULLY IN NEW YORK GENERAL OBLIGATIONS LAW, ARTICLE 5, TITLE 15, SECTIONS 5-1502A THROUGH 5-1503, WHICH EXPRESSLY PERMIT THE USE OF ANY OTHER OR DIFFERENT FORM OF POWER OF ATTORNEY.

THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS.  YOU MAY EXECUTE A HEALTH CARE PROXY TO DO THIS.

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.)

THIS is intended to constitute a **DURABLE GENERAL POWER OF ATTORNEY** pursuant to Article 5, Title 15 of the New York General Obligations Law:

I,  MICHAEL GRUNBERG . . . . . . . . . . . . . . . . . residing at  1 Juniper Hill Road, Greenwich, CT . . . . . . . . . . . . . .
*(insert your name and address)*

do hereby appoint:

MARK M. ALTSCHUL . . . . . . . . . . . . . . . . . . . residing at  18 East 12th Street, New York, NY . . . . . . . . . . . . . . .
*(If 1 person is to be appointed agent, insert the name and address of your agent above)*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . residing at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . residing at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . residing at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*(If 2 or more persons are to be appointed agents by you insert their names and addresses above)*

my attorney(s)-in-fact **TO ACT** (If more than one agent is designated, **CHOOSE ONE** of the following two choices by putting your initials in **ONE** of the blank spaces to the left of your choice:)

(    ) Each agent may **SEPARATELY** act.

(    ) All agents must act **TOGETHER**.

*(If neither blank space is initialed, the agents will be required to act TOGETHER)*

IN MY NAME, PLACE AND STEAD in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in Title 15 of Article 5 of the New York General Obligations Law to the extent that I am permitted by law to act through an agent:

(DIRECTIONS: Initial in the blank space to the left of your choice any one or more of the following lettered subdivisions as to which you WANT to give your agent authority. If the blank space to the left of any particular lettered subdivision is NOT initialed, NO AUTHORITY WILL BE GRANTED for matters that are included in that subdivision. Alternatively, the letter corresponding to each power you wish to grant may be written or typed on the blank line in subdivision "(Q)", and you may then put your initials in the blank space to the left of subdivision "(Q)" in order to grant each of the powers so indicated)

( ) (A) real estate transactions;

( ) (B) chattel and goods transactions;

( ) (C) bond, share and commodity transactions;

( ) (D) banking transactions;

( ) (E) business operating transactions;

( ) (F) insurance transactions;

( ) (G) estate transactions;

( ) (H) claims and litigation;

( ) (I) personal relationships and affairs;

( ) (J) benefits from military service;

( ) (K) records, reports and statements;

( ) (L) retirement benefit transactions;

( ) (M) making gifts to my spouse, children and more remote descendants, and parents, not to exceed in the aggregate $10,000 to each of such persons in any year;

( ) (N) tax matters;

( ) (O) all other matters;

( ) (P) full and unqualified authority to my attorney(s)-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorney(s)-in-fact shall select;

_Initial_ (MG) (Q) each of the above matters identified by the following letters: A thru P..........

*(Special provisions and limitations may be included in the statutory short form durable power of attorney only if they conform to the requirements of section 5-1503 of the New York General Obligations Law.)*
This General Power of Attorney is given by the Principal to the Agent to take all actions that may be necessary for the completion of the purchase of BRUCE MEISEL's interest in 15 AND 19 WEST 55TH STREET REALTY COMPANY
THIS GENERAL POWER OF ATTORNEY WILL EXPIRE ON SEPTEMBER 1, 2005 ...........................
.............................................................................................
.............................................................................................
.............................................................................................
.............................................................................................

*Special Additional Provision:* The powers granted under (A) through (C) above shall include the sale of a cooperative housing unit and are enlarged so that all fixtures and articles of personal property which at the time of such transaction are or which may thereafter be attached to or used in connection with the real or personal property may be included in the agreements or other instruments to be executed and delivered in connection with any transactions and which may be described in said instruments with more particularity. This Power of Attorney is not subject to question because an instrument executed hereunder fails to recite or recites only nominal consideration paid therefore and any person dealing with the subject matter of such instrument may do so as if full consideration had been expressed therein.

**This durable power of attorney shall not be affected by my subsequent disability or incompetence.**

If every agent named above is unable or unwilling to serve, I appoint ....................................
............................................ residing at .............................................
*(insert name and address of successor above)*
to be my agent for all purposes hereunder.

**TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND**

AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

THIS DURABLE GENERAL POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.

IN WITNESS WHEREOF I have hereunto signed my name this 13 day of JULY . . . . . . . . . , in the year 2005

(YOU SIGN HERE:) →  *Michael G*
                          *(Signature of Principal)*

*The GENERAL OBLIGATIONS LAW § 5-1501 REQUIRES THAT THIS INSTRUMENT BE ACKNOWLEDGED BY THE PRINCIPAL. NO EXPRESS PROVISION IS MADE FOR PROOF BY SUBSCRIBING WITNESS.*

### ACKNOWLEDGMENT FORM FOR USE *WITHIN* NEW YORK STATE *ONLY*:

*{New York General Acknowledgment Certificate – Note: If acknowledgment is taken Outside New York State use the Certificate provided below}*

STATE OF NEW YORK, COUNTY OF NEW YORK         } ss.:

On the 13 day of JULY                                                                    in the year 2005
before me, the undersigned, personally appeared   MICHAEL GRUNBERG

*personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.*

**Susan Donahue**
**Notary Public, State of New York**
**Reg #01DO6105202, Nassau County**
**Commission Expires February 2, 20__**

*Notary Public – Sign Above and Affix Stamp Below*

(NOTARY)

### ACKNOWLEDGMENT FORM FOR USE *OUTSIDE* NEW YORK STATE *ONLY*:

*{Out of State or Foreign General Acknowledgment Certificate}*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . } ss.:

*{Complete Venue with State, Country, Province or Municipality}*

On the       day of                                                                         in the year
before me, the undersigned, personally appeared

*personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/ their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the* . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*(Insert the city or other political subdivision and the state or country or other place the acknowledgment was taken).*

_____
*Notarizing Officer – Sign above and Affix Stamp Below*

**AFFIDAVIT OF EFFECTIVENESS** {TO BE COMPLETED BY AGENT UPON DELIVERY OF THIS POWER}

STATE OF NEW YORK. COUNTY OF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . } ss.:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . : . . . . . . . . . . . . . . . . . , residing at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . : being duly sworn does depose and say that I am the Attorney-in-Fact under the above Power of Attorney. That said Power of Attorney is a valid and subsisting Power which has not been revoked by the death of the principal(s) or otherwise; that I have no actual knowledge of a revocation of the foregoing Power; and, I warrant and represent that I have full and unqualified authority to execute the . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [Deed, Mortgage, etc.] knowing that . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , will rely upon the representations made herein as inducement to accept such instrument(s) and this Power of Attorney as evidence of my authority to act.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Attorney in Fact

SWORN TO AND SUBSCRIBED BEFORE ME
THIS        DAY OF            .

. . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Notary Sign above and Affix Stamp Below)

**DURABLE GENERAL POWER OF ATTORNEY**
(REVISED STATUTORY SHORT FORM)

TITLE NO.

TO

DISTRICT
SECTION
BLOCK
LOT
COUNTY OR TOWN

RECORDED AT THE REQUEST OF
FIDELITY NATIONAL TITLE INSURANCE COMPANY
RETURN BY MAIL TO:

**FIDELITY NATIONAL TITLE
INSURANCE COMPANY**
INCORPORATED 1928
"Appreciate the *Fidelity* Difference!"

Altschul & Altschul
Attorneys At Law
18 East 12th Street
New York, NY 10003
212-924-1505

SPACE RESERVED FOR USE BY RECORDING OFFICE

Power Attorney for Michael Grunberg        Page 4 of 4.

## *Amended Business Certificate*

The undersigned hereby certify that a certificate of doing business under the assumed name  15 AND 19 WEST 55TH STREET REALTY COMPANY  for the conduct of business at 15 West 55th Street, New York, New York 10019  was filed in the Office of the County Clerk of  New York  County, State of New York on  September 28, 1976  under Index Number  6138-1976B  ; that  NO  further amendments to the said certificate have been filed .

It is hereby further certified that this Amended Certificate is made for the purpose of more accurately setting forth the facts recited in the original certificate or the last amended certificate and to set the forth the following changes in such facts:

The original Partners of the Partnership were:

FANNY GRUNBERG, ZVI GRUNBERG and BRUCE MEISEL

That ZVI GRUNBERG departed this life heretofore and by virtue of his Will Probated in the Surrogates Court of New York County, FANNY GRUNBERG acquired his partnership interest;

Now ARIEL GRUNBERG and MICHAEL GRUNBERG have acquired the interest by purchase of BRUCE MEISEL;

Therefore, the partnership consists of the following persons:

FANNY GRUNBERG        19 West 55th Street, New York, NY 10019

ARIEL GRUNBERG        154 Carman Place, East Rockaway, NY 11518

MICHAEL GRUNBERG      1 Juniper Hill Road, Greenwich, CT 06830

**In Witness Whereof,**  We  the undersigned have on  July 12 ,  2005  made and signed this Certificate.

_____          _____
FANNY GRUNBERG                    MICHAEL GRUNBERG

_____
ARIEL GRUNBERG

STATE OF NEW YORK, COUNTY OF  NEW YORK  }ss:

On  July 12 ,  2005  before me, the undersigned, a Notary Public in and for said

{partner\partner.amd}                    Page 1 of 3.

## Exhibit 2

State, personally appear    FANNY GRUNBERG, ARIEL GRUNBERG and MICHAEL GRUNBERG  , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

**Susan Donahue**
**Notary Public, State of New York**
**Reg #01DO6105202, Nassau County**
**Commission Expires February 2, 2022**

_____
NOTARY PUBLIC

{partner\partner.amd}

Page 2 of 3.

# Exhibit 2

*Index No.*

COUNTY CLERK OF NEW YORK

# *Amended Business Certificate*

FANNY GRUNBERG,
ARIEL GRUNBERG, and
MICHAEL GRUNBERG

### *CONDUCTING BUSINESS UNDER THE NAME OF*

15 AND 19 WEST 55TH STREET REALTY COMPANY

**ALTSCHUL & ALTSCHUL**
*Attorneys At Law*
18 EAST 12TH STREET
NEW YORK, NEW YORK 10003
212-924-1505

{partner\partner.amd}

# Exhibit 2

Form NY-019  Power of Attorney, Statutory Short Form, Revised 1/2002-(with Affidavit of Effectiveness © 1994 Fidelity National Title Insurance Company of New York)

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY**

_____

### DURABLE GENERAL POWER OF ATTORNEY
### NEW YORK STATUTORY SHORT FORM
### THE POWERS YOU GRANT BELOW CONTINUE TO BE EFFECTIVE
### SHOULD YOU BECOME DISABLED OR INCOMPETENT

(CAUTION:  THIS IS AN IMPORTANT DOCUMENT.  IT GIVES THE PERSON WHOM YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY DURING YOUR LIFETIME, WHICH MAY INCLUDE POWERS TO MORTGAGE, SELL, OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU.  THESE POWERS WILL CONTINUE TO EXIST EVEN AFTER YOU BECOME DISABLED OR INCOMPETENT.  THESE POWERS ARE EXPLAINED MORE FULLY IN NEW YORK GENERAL OBLIGATIONS LAW, ARTICLE 5, TITLE 15, SECTIONS 5-1502A THROUGH 5-1503, WHICH EXPRESSLY PERMIT THE USE OF ANY OTHER OR DIFFERENT FORM OF POWER OF ATTORNEY.

THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS.  YOU MAY EXECUTE A HEALTH CARE PROXY TO DO THIS.

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.)

THIS is intended to constitute a **DURABLE GENERAL POWER OF ATTORNEY** pursuant to Article 5, Title 15 of the New York General Obligations Law:

I, ARIEL GRUNBERG . . . . . . . . . . . . . . . . . . . residing at . 154 Carman Place, East Rockaway, NY . . . . . . . . . . . .
_(insert your name and address)_

do hereby appoint:

MARK M. ALTSCHUL . . . . . . . . . . . . . . . . . residing at . 18 East 12th Street, New York, NY . . . . . . . . . . . . . .
_(If 1 person is to be appointed agent, insert the name and address of your agent above)_
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . residing at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . residing at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . residing at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

_(If 2 or more persons are to be appointed agents by you insert their names and addresses above)_

my attorney(s)-in-fact **TO ACT** (If more than one agent is designated, **CHOOSE ONE** of the following two choices by putting your initials in **ONE** of the blank spaces to the left of your choice:)

(  ) Each agent may **SEPARATELY** act.

(  ) All agents must act **TOGETHER.**

_(If neither blank space is initialed, the agents will be required to act **TOGETHER**)_

IN MY NAME, PLACE AND STEAD in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in Title 15 of Article 5 of the New York General Obligations Law to the extent that I am permitted by law to act through an agent:

(DIRECTIONS: Initial in the blank space to the left of your choice any one or more of the following lettered subdivisions as to which you WANT to give your agent authority. If the blank space to the left of any particular lettered subdivision is NOT initialed, NO AUTHORITY WILL BE GRANTED for matters that are included in that subdivision. Alternatively, the letter corresponding to each power you wish to grant may be written or typed on the blank line in subdivision "(Q)", and you may then put your initials in the blank space to the left of subdivision "(Q)" in order to grant each of the powers so indicated)

(    ) (A)  real estate transactions;
(    ) (B)  chattel and goods transactions;
(    ) (C)  bond, share and commodity transactions;
(    ) (D)  banking transactions;
(    ) (E)  business operating transactions;
(    ) (F)  insurance transactions;
(    ) (G)  estate transactions;
(    ) (H)  claims and litigation;
(    ) (I)  personal relationships and affairs;
(    ) (J)  benefits from military service;
(    ) (K)  records, reports and statements;
(    ) (L)  retirement benefit transactions;

(    ) (M)  making gifts to my spouse, children and more remote descendants, and parents, not to exceed in the aggregate $10,000 to each of such persons in any year;
(    ) (N)  tax matters;
(    ) (O)  all other matters;
(    ) (P)  full and unqualified authority to my attorney(s)-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorney(s)-in-fact shall select;
(    ) (Q)  each of the above matters identified by the following letters: .A. Thru. P. . . . . . . . . . .

*Initial*

(Special provisions and limitations may be included in the statutory short form durable power of attorney only if they conform to the requirements of section 5-1503 of the New York General Obligations Law.)
This General Power of Attorney is given by the Principal to the Agent to take all actions that may be necessary for the completion of the purchase of BRUCE MEISEL's interest in 15 AND 19 WEST 55TH STREET REALTY COMPANY.
THIS GENERAL POWER OF ATTORNEY WILL EXPIRE ON SEPTEMBER 1, 2005 . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . .

*Special Additional Provision:* The powers granted under (A) through (C) above shall include the sale of a cooperative housing unit and are enlarged so that all fixtures and articles of personal property which at the time of such transaction are or which may thereafter be attached to or used in connection with the real or personal property may be included in the agreements or other instruments to be executed and delivered in connection with any transactions and which may be described in said instruments with more particularity. This Power of Attorney is not subject to question because an instrument executed hereunder fails to recite or recites only nominal consideration paid therefore and any person dealing with the subject matter of such instrument may do so as if full consideration had been expressed therein.

**This durable power of attorney shall not be affected by my subsequent disability or incompetence.**

If every agent named above is unable or unwilling to serve, I appoint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . residing at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
*(insert name and address of successor above)*
to be my agent for all purposes hereunder.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND