UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
BRUCE M. MEISEL,                              :
                                              :    07 Civ. 11610 (PKL)
                    Plaintiff,                :
                                              :
        -against-                             :
                                              :
MICHAEL GRUNBERG,                             :
FANNY GRUNBERG,                               :
and ARIEL GRUNBERG,                           :
                                              :
                    Defendants.               :
------------------------------------------------------x

## DEFENDANTS' MEMORANDMUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

TARTER KRINSKY & DROGIN LLP
*Attorneys for Defendants*
Andrew N. Krinsky (AK 0997)
Linda S. Roth (LR 8255)
1350 Broadway
New York, New York 10018
(212) 216-8000

# TABLE OF CONTENTS

Preliminary Statement ...................................................................................................................1

   Argument .................................................................................................................................2

      POINT I

      PLAINTIFF'S OWN ALLEGATIONS
      RENDER HIS CLAIMS IMPLAUSIBLE ......................................................................2

      POINT II

      THE COMPLAINT DOES NOT
      ALLEGE CONCERTED ACTION ................................................................................3

         A.    Conspiracy to Commit Fraud .............................................................................4

         B.    Aiding and Abetting Breach of Fiduciary Duty ................................................6

         C.    Michael's Agency ...............................................................................................7

      POINT III

      MICHAEL'S REPRESENTATIONS CONCERNING
      THE RENOVATION AND SALE OF THE
      PROPERTIES ARE NOT ACTIONABLE .....................................................................8

      POINT IV

      THE LETTER AGREEMENT
      WAS NOT BINDING .....................................................................................................8

Conclusion .......................................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*
  145 F. 3d 543 (2d Cir. 1998) ..................................................................................................9

*All R's Consulting Inc. v. Pilgrams Pride Corp.*
  2008 WL 852013 (March 28, 2008 S.D.N.Y.) .......................................................................3

*Am. Bldg. Maintenance Co. of N.Y. v. Acme Prop. Servs., Inc.*
  515 F. Supp. 2d 298 (N.D.N.Y. 2007) ...................................................................................5

*Bell Atlantic Corp. v. Twombly*
  127 S.Ct. 1955 (2007) .............................................................................................................9

*Blue Chip Emerald LLC v. Allied Partners, Inc.*
  299 A.D. 2d 278, 750 N.Y.S. 2d 291 (1st Dep't 2002) .........................................................7

*Chrysler Capital Corp. v. Century Power Corp.*
  778 F. Supp. 1260 (S.D.N.Y. 1991) .......................................................................................5

*Drucker v. Mige Assocs. II*
  225 A.D. 2d 427, 639 N.Y.S. 2d 365 (1st Dep't 1996) ..........................................................7

*Filler v. Hanvit*
  Nos., 01 Civ. 9510 (MGC) and 02 Civ. 8251 (MCG), 2003 WL 22110773
  (S.D.N.Y. Sept. 12, 2003) .......................................................................................................5

*In re NYSE Specialists Sec. Litig.*
  503 F. 3d 89 (2d Cir. 2007) ....................................................................................................1

*J.P. Morgan Chase Bank v. Winnick*
  406 F. Supp. 2d 247 (S.D.N.Y. 2005) ....................................................................................5

*Kasada, Inc. v. Access Capital, Inc.*
  2004 WL 2903776 (S.D.N.Y. Dec. 14, 2004) ........................................................................6

*Lehigh Valley Indus., Inc. v. Birenbaum*
  527 F. 2d 87 (2d Cir. 1975) ....................................................................................................5

*Lipin v. Hunt*
  2008 WL 703712 (S.D.N.Y. 2008) ....................................................................................1, 5

*Mortimer Off Shore Services, Ltd. v. Federal Republic of Germany*
  2007 WL 2822214 (Sept. 27, 2007) .......................................................................................3

*National Westminster Bank USA v. Weksel*
   124 A.D. 2d 144, 511 N.Y.S. 2d 626 (1st Dep't) ........................................................................4

*Newburger, Loeb & Co. v. Gross*
   563 F. 2d 1057 (2d Cir. 1977) ....................................................................................................7

*Pittman v. Grayson*
   149 F. 3d 111 (2d Cir. 1998) ......................................................................................................4

## Statutes and Court Rules

Fed. R. Civ. P 9(b) ........................................................................................................................5, 6

Fed. R. Civ. P. 8(a) ...........................................................................................................................5

**Preliminary Statement**

Defendants, Michael Grunberg, ("Michael"), Fanny Grunberg ("Fanny") and Ariel Grunberg ("Ariel") submit this reply memorandum of law in further support of their motion to dismiss the complaint.

Not surprisingly, in plaintiff's memorandum of law submitted in opposition to defendants' motion, plaintiff insists that he has properly pled claims for breach of fiduciary duty, fraud and negligent misrepresentation against each of the defendants. Plaintiff also insists that defendants' arguments challenging the sufficiency of the Complaint are "factual" and therefore, are not appropriate on a motion to dismiss (Pl. Mem. 17).[1] But Michael, Fanny and Ariel, mindful of the legal standards on a motion to dismiss, are not asking this Court to make factual determinations in deciding the motion. Rather, they merely ask this Court to carefully examine the allegations put forth by plaintiff before it simply accepts plaintiff's self-serving conclusory allegations that Michael, Fanny and Ariel engaged in a scheme to defraud plaintiff and induced him to sell his interest in 15 and 19 West 55th Street Realty Company (the "Partnership"). *See, e.g, In re NYSE Specialists Sec. Litig.*, 503 F. 3d 89, 95 (2d Cir. 2007) (court need not credit a plaintiff's legal conclusions, deductions and opinions presented as factual allegations); *Lipin v. Hunt*, 2008 WL 703712 (S.D.N.Y. 2008) (same).

Moreover, while Michael, Fanny and Ariel are from the same family, their legal connection to the Partnership clearly was not the same and thus, their legal relationship to plaintiff was similarly not the same. In addition, the extent of Michael, Fanny and Ariel's individual contacts and communications with plaintiff was undeniably different. Accordingly, notwithstanding plaintiff's efforts to blur the distinction between and among Michael, Fanny and

---

[1] References to "Pl. Mem. p. ___" are to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint.

Ariel, it is wholly appropriate for this Court to consider whether the Complaint properly states a claim against Michael, Fanny and Ariel individually rather than against "defendants" collectively.

### Argument

### POINT I

### PLAINTIFF'S OWN ALLEGATIONS RENDER HIS CLAIMS IMPLAUSIBLE

Defendants have rightfully highlighted the allegations contained in the Complaint that render plaintiff's claims implausible and subject to dismissal.

- ▶ Plaintiff is a sophisticated real estate investor who owned a 30% interest in the Partnership for 29 years and who had many ideas about how to maximize the value of the properties owned by the Partnership. (Cplt.¶¶ 7, 22-26).

- ▶ Plaintiff and Fanny engaged in litigation that resulted in a state court judgment in 2002. The litigation concerned plaintiff's claim that Fanny (the majority partner) failed to fully utilize the properties owned by the Partnership to maximize Partnership profits. (Cplt. ¶¶ 22-23).[2]

- ▶ Plaintiff and Fanny were partners in the Partnership. (Cplt. ¶¶ 7 and 8).

- ▶ Plaintiff has never been partners with Michael and Ariel as Michael and Ariel had no ownership interest in the Partnership until they purchased plaintiff's interest. (Cplt. ¶¶ 7-10).

- ▶ Michael and Ariel purchased plaintiff's Partnership interest in their individual capacities. Fanny did not purchase plaintiff's Partnership interest. (Cplt ¶¶ 49, 56).
- ▶ Michael, not Fanny nor Ariel, commissioned the Opinion of Value and gave it to plaintiff. (Cplt. ¶ 33).

- ▶ Plaintiff only had contact with Michael while negotiating the sale of his Partnership interest. Plaintiff had no communications or other contacts with Fanny or Ariel. (Cplt. ¶¶ 29-48).

---

[2] Plaintiff's suggestion that the Court cannot reach any conclusions regarding the "nature and tenor" of his prior disputes with defendants is silly. (Pl. Mem. p.20). Surely it is not a leap of logic to conclude that partners engaged in litigation over the operation of the partnership had a contentious relationship.

As discussed in the initial memorandum submitted by Michael, Fanny and Ariel in support of their motion to dismiss the Complaint, these allegations demonstrate that plaintiff has not and cannot assert any legally cognizable claim against any of the defendants and has wholly failed to even allege any possible wrongdoing by Fanny and Ariel. *All R's Consulting Inc. v. Pilgrams Pride Corp.* 2008 WL 852013 *6 (March 28, 2008 S.D.N.Y.) (general conclusory allegations need not be credited when they are belied by more specific allegations); *Mortimer Off Shore Services, Ltd. v. Federal Republic of Germany,* 2007 WL 2822214 *7 (Sept. 27, 2007) (same).

## POINT II

### THE COMPLAINT DOES NOT ALLEGE CONCERTED ACTION

In opposing defendants' motion, plaintiff concedes that he had no contact with Fanny or Ariel in connection with the sale of his Partnership interest. Nevertheless, plaintiff still seeks to assert claims against Fanny and Ariel in connection with the sale because the defendants supposedly acted in concert. According to plaintiff, the Complaint alleges: (i) a conspiracy among Michael, Fanny and Ariel to defraud plaintiff; and (ii) that Michael and Ariel aided and abetted Fanny's breach of fiduciary duty. (Pl. Mem. p.11). But the word "conspiracy" does not appear in the Complaint nor do the words "aiding and betting". The first count is simply denominated "Breach of Fiduciary Duty", the second, "Fraud" and the third, "Negligent Misrepresentation." Plaintiff's sudden reliance on theories of concerted action – as opposed to direct liability – is, at best, disingenuous.

Moreover, even if the Complaint does attempt to assert claims based on theories of conspiracy or aiding and abetting – which it does not – the allegations of the Complaint are

sorely deficient. As the Second Circuit noted in *Pittman v. Grayson*, 149 F. 3d 111, 122-23 (2d Cir. 1998):

> The elements of concerted-action liability are (1) an express or tacit agreement "to participate in a common plan or design to commit a tortious act," (2) tortious conduct by each defendant, and (3) the commission by one of the defendants, in pursuance of the agreement, of an act that constitutes a tort. <u>Rastelli v. Goodyear Tire & Rubbert Co., 79 N.Y.2d at 295, 582 N.Y.S. 2d at 375, 591 N.E.2d 222</u> (internal quotation marks omitted). Conspiracy and aiding and abetting are varieties of concerted-action liability: conspiracy requires an agreement to commit a tortious act, <u>see, e.g. Lindsay v. Lockwood, 163 Misc. 2d 228, 234, 625 N.Y.S. 2d 393, 397 (1994); Restatement (Second) of Torts 876(a)</u>, aiding and abetting requires that the defendant have given "'substantial assistance or encouragement;'" to the primary wrongdoer, <u>Lindsay v. Lockwood, 163 Misc. 2d at 232, 625 N.Y.S. 2d at 396 (quoting Restatement (Second) of Torts 876(b))</u>. ***In order to be liable for acting in concert with the primary tortfeasor under either theory, the defendant must know the wrongful nature of the primary actor's conduct.*** <u>***See, e.g., National Westminster Bank USA v. Weksel, 124 A.D. 2d 144, 147, 511 N.Y.S. 2d 626, 629 (1st Dep't)***</u> ***(neither conspiracy nor aiding-and-abetting liability is sustainable where there is no allegation that defendant knew or intended to aid in the commission of a tort), appeal denied, <u>70 N.Y.2d 604, 519 N.Y.S. 2d 1027, 513 N.E. 2d 1307 (1987)</u>.***

[Emphasis added.]

A. **Conspiracy to Commit Fraud**

Although the instant Complaint repeatedly references "defendants" collectively, the allegations in the Complaint make it plain that plaintiff only negotiated and had contact with Michael regarding the sale of plaintiff's Partnership interest. It is undisputed that plaintiff had absolutely no contact or dealings with Fanny or Ariel regarding the sale. Thus, based on the standard articulated above, before Fanny and Ariel can be found liable for conspiring with Michael to defraud plaintiff, plaintiff must allege (and eventually prove) that Fanny and Ariel knew of and agreed to Michael's purported misrepresentations to plaintiff and intended to aid

Michael in making those misrepresentations. There are no such allegations in the present Complaint nor is there any factual basis for including such allegations in any amended pleading.

Moreover, more than a conclusory allegation of conspiracy or common purpose is required to state a cause of action against a non-actor. The non-actor must have engaged in some "independent culpable behavior.'" *Lipin v. Hunt*, 2008 WL 703712 *11 (S.D.N.Y. 2008) *quoting Am. Bldg. Maintenance Co. of N.Y. v. Acme Prop. Servs., Inc.*, 515 F. Supp. 2d, 298, 318 (N.D.N.Y. 2007). *See also, Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260, 1268-69 (S.D.N.Y. 1991) (bland assertions of a conspiracy are not sufficient to state a claim based on a conspiracy); *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F. 2d 87, 93-94 (2d Cir. 1975) (same).

Further, plaintiff's claim that allegations of a conspiracy are subject to the less stringent standard of Fed. R. Civ. P. 8(a) and not the more stringent standard of Fed. R. Civ. P. 9(b) is incorrect. Where, as here, claims based on allegations of fraud are at issue, courts have applied the more stringent pleading requirements of Fed. R. Civ. P. 9(b). *See, e.g., J.P. Morgan Chase Bank v. Winnick,* 406 F. Supp. 2d 247, 252 (S.D.N.Y. 2005); *Filler v. Hanvit,* Nos., 01 Civ. 9510 (MGC) and 02 Civ. 8251 (MCG), 2003 WL 22110773, at *3 (S.D.N.Y. Sept. 12, 2003).

Plaintiff's conclusory allegation that defendants "acted in concert" to defraud plaintiff into selling his Partnership interest, which appears nowhere but the introductory paragraph of his Complaint, is not sufficient. What exactly did Fanny and Ariel do? There are no allegations that Fanny and Ariel even talked to Michael and certainly no allegations of a corrupt agreement. There are no allegations that Fanny or Ariel told Michael what to say (or not to say) to plaintiff, knew what Michael said (either before or after the fact) to plaintiff or somehow approved or affirmed statements that Michael made. There are no allegations that Fanny or Ariel saw the

Opinion of Value which plaintiff claims incorrectly valued the buildings owned by the Partnership or in any way participated in the creation of that opinion. In short, plaintiff's claim of a conspiracy is nothing more than speculation and, perhaps, wishful thinking which does not satisfy the standard of Fed. R. Civ. P 9(b). *See, e.g., Kasada, Inc. v. Access Capital, Inc.*, 2004 WL 2903776 *14 (S.D.N.Y. Dec. 14, 2004) (where plaintiffs provided no factual support for their conclusory allegations of a conspiracy to commit a variety of tortious acts, conspiracy claims were dismissed).

### B.  Aiding and Abetting Breach of Fiduciary Duty

Although it is clear from the Complaint that, of the three defendants, Michael is the only one who had contact with plaintiff in connection with the sale of plaintiff's Partnership interest, plaintiff argues that the Complaint should not be dismissed because Michael and Ariel somehow aided Fanny in breaching her fiduciary duty. But since Fanny had no contact with plaintiff regarding the sale of his Partnership interest, she cannot be directly liable for any breach of fiduciary duty. If Fanny has no direct liability, it is hard to fathom how Michael and Ariel could be guilty of aiding and abetting Fanny's purported breach of fiduciary duty. It is particularly hard to fathom how Ariel could have aided and abetted such a breach since the Complaint contains no allegations whatsoever as to what Ariel may have done to aid his mother and certainly no allegations that demonstrate that he provided Fanny with "substantial assistance or encouragement" in connection with her alleged breaches of fiduciary duty. Furthermore, there are no allegations that Michael or Ariel knew or intended to aid their mother in committing a breach of her duty nor is there any basis for making such a claim. Plaintiff's tortured application of the law regarding concerted action in general, and aider and abettor liability in particular, is

not enough to create a cause of action for aiding and abetting where none has been stated and where none exists.

C.   **Michael's Agency**

Plaintiff next argues that he has properly asserted a claim against Fanny and Ariel by virtue of Michael's agency relationship with his mother and brother. In making this argument, however, plaintiff willfully ignores a fact that he simply cannot deny. Michael was not acting as an agent for anyone -- particularly Fanny -- when he negotiated and purchased plaintiff's Partnership interest. As plaintiff himself knows and alleges, Michael and Ariel, acting in their individual capacities, purchased plaintiff's Partnership interest. (Cplt ¶¶ 49, 56). Thus, plaintiff's claims based on Michael's purported agency fail.

Similarly, because Michael negotiated and purchased plaintiff's Partnership interest for himself, not Fanny, this is not a situation where one partner owes a fiduciary duty to another partner in connection with the buy-out of a partnership interest. As a result, cases cited by plaintiff pertaining to the fiduciary relationship of partners and the duties they owe to one another simply are not relevant. *See Newburger, Loeb & Co. v. Gross,* 563 F. 2d 1057, (2d Cir. 1977); *Blue Chip Emerald LLC v. Allied Partners, Inc.,* 299 A.D. 2d 278, 750 N.Y.S. 2d 291 (1st Dep't 2002); *Drucker v. Mige Assocs. II,* 225 A.D. 2d 427, 639 N.Y.S. 2d 365 (1st Dep't 1996).

## POINT III

### MICHAEL'S REPRESENTATIONS CONCERNING THE RENOVATION AND SALE OF THE PROPERTIES ARE NOT ACTIONABLE

In an effort to defeat defendants' motion, plaintiff argues that Michael's representations with respect to renovation and sale of the properties owned by the Partnership were representations of present material fact rather than statements of future intentions or expectations. It is hard to understand, however, how any representation regarding the possible renovation or sale of the properties owned by the Partnership could be anything other than a statement of future intention. Such intentions are obviously subject to change based on a variety of factors such as the state of the New York real estate market, the quality of offers to purchase and ongoing maintenance issues concerning the buildings. Plaintiff's suggestion that he was somehow duped into thinking Michael, Fanny and Ariel would never renovate or sell the buildings and that he decided to sell his Partnership interest based on such a representation is just not believable and no person could reasonably rely on it.[3]

## POINT IV

### THE LETTER AGREEMENT WAS NOT BINDING

Forced to acknowledge that he knew, before he sold his Partnership interest that 1031 exchange funds would not be used to purchase his interest, plaintiff argues that the July 11, 2005 letter agreement was a binding agreement and that he had no choice but to proceed with the sale even though he knew he would be paid from sources other than 1031 exchange monies. But, "[o]rdinarily, where the parties contemplate further negotiations and the execution of a formal

---

[3] Plaintiff's has presented Michael's statements regarding a sale of the properties owned by the Partnership completely out of context. In the event the present motion is denied, defendants' reserve their rights to present evidence and inform this court of the true context in which Michael's statements were made.

instrument, a preliminary agreement does not create a binding contract." *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc*. 145 F. 3d 543 (2d Cir. 1998). This would certainly be the case where the issue of how Michael and Ariel would pay for plaintiff's Partnership interest was an open matter – especially if, as plaintiff now insists, the availability of 1031 exchange monies is what induced him to enter into the agreement in the first place. Given the chronology of events where plaintiff proceeded with the sale of his Partnership interest without protest after learning that 1031 exchange monies were not in play, plaintiff's claim that he was fraudulently induced to sell his interest by representations regarding the availability of 1031 exchange monies is highly suspect.

## Conclusion

Plaintiff has "not nudged [his] claims across the line from conceivable to plausible" and thus, his Complaint must be dismissed. ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. 1955, 1974 (2007).

Dated: New York, New York
April 11, 2008

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: _____
Andrew N. Krinsky (AK 0997)
Linda S. Roth (LR 8255)
1350 Broadway
New York, New York 10018
(212) 216-8000