Leisure, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRUCE MEISEL,

               Plaintiff,

      - against -

MICHAEL GRUNBERG,
FANNY GRUNBERG,
and ARIEL GRUNBERG,

               Defendants.
------------------------------------------------------------x

Case No. 07 Civ. 11610 (PKL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/08

### (PROPOSED) STIPULATED PROTECTIVE ORDER

Good cause appearing, and in conformance with the parties' agreement:

IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure be, and is hereby, entered.

1. This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken or obtained in the above referenced action (the "action") pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or nonparty in connection with the action (collectively, "Discovery Materials") which that party or nonparty in good faith believes comprise or reflect business, proprietary or other information, which is not generally publicly known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets,

financial data, contracts and agreements, current and future business and strategic plans, and marketing documents.[1]

2. Discovery Materials governed by this Protective Order shall be used by any recipients thereof solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein.

3. Any Discovery Materials produced in the action may be designated as "Confidential" or "Highly Confidential" by the producing party pursuant to Paragraph 4 of this Protective Order.

   a. "Confidential Information" means any Discovery Material which the producing party or nonparty reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, financial or commercial information.

   b. "Highly Confidential Information" means any Confidential Information which the producing party or nonparty reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

4. The designation of information or material for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

   a. In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other material (apart from depositions or

---

[1] Except with respect to use and disclosure of Discovery Materials and witness testimony, as set forth below, this Protective Order does not apply to the confidentiality of live proceedings before the District Court, for example oral argument or trial. The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

2

other pretrial testimony): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate): (i) on each page of any document containing any confidential information or material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "recordings" and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device.

b. In the case of depositions or other pretrial testimony and argument at proceedings, including hearings and oral arguments: (i) by a statement on the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) days after the receipt by counsel of the transcript of the deposition or other pretrial proceeding. Whether or not designated on the record at deposition or other pretrial proceeding, the parties shall treat all deposition and other pretrial testimony as "Confidential" under this Protective Order until the expiration of ten (10) days after the receipt by counsel

3

of the transcript of the deposition or other pretrial proceeding. Except as provided below, unless specific designations of portions of a transcript have been made on the record during the deposition or other pretrial proceeding, or in writing within ten (10) days after the receipt by counsel of the transcript of the deposition or other pretrial proceeding, any confidentiality in such transcript shall be waived after the expiration of the 10-day period unless otherwise stipulated by the parties or ordered by the Court. With respect to any depositions or other pretrial proceedings that have already been taken or held as of the date of this Order, the parties may designate portions of the transcripts or the entire transcripts thereof as Confidential within 30 days of the date of this Order. The parties may modify this procedure for any particular deposition or other pretrial proceeding through agreement on the record at such deposition or other pretrial proceeding, or otherwise by written stipulation, without approval of the Court.

5. Discovery Materials designated as "Confidential" under this Protective Order, or copies or extracts therefrom, compilations and summaries thereof, and the content or substance thereof, may be disclosed or otherwise communicated or made available in whole or in part only to the following persons:

   a. Outside counsel of record for the parties to this litigation, and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying imaging and presentation services, who are working on this litigation under the direction of such attorneys;

4

  b. The parties named in the action and all employees or agents of plaintiff or defendants who are working on, assisting with, or have any responsibility for this litigation;

  c. Subject to Paragraph 7 herein, persons who are expressly retained or sought to be retained by a party or a party's counsel as consultants or testifying experts;

  d. Subject to Paragraph 9 herein, any other persons who are designated to receive material designated "Confidential" or "Highly Confidential" by order of this Court after notice to the parties, or by written stipulation of the parties;

  e. Subject to Paragraph 8, any person other than those set forth above from whom testimony is taken in the action, including witnesses at depositions and other pretrial proceedings;

  f. The Court and Court personnel; and

  g. Court reporters, interpreters and videographers engaged in connection with the action.

 6. "Highly Confidential" Information may be disclosed only to those persons falling within categories (a), (c), (d), (e), (f), and (g) of Paragraph 5.

 7. (a) For the purposes of this Protective Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party. The name, business address, curriculum vitae ("CV") and affiliation of each such consultant or expert must be disclosed to the producing party at least five (5) court-days prior to such person's review of material designated as Confidential under this Order. During the aforesaid five-court-day period, counsel for the producing party shall have the opportunity to oppose the proposed

disclosure to such consultant. Any party opposing disclosure shall, within such five-court-day period, provide the other party with a written objection to such disclosure, setting forth in reasonable detail the specific grounds for such objection. If no written objection is received by 5:00 p.m., Eastern time, on the fifth court day following the date of disclosure of the identity of the proposed consultant or expert, then the party seeking to disclose Confidential Information to such consultant or expert may do so, and such failure to object shall constitute waiver of the specific objection. If such a written objection is received within the aforesaid time period, the parties shall attempt to resolve the objection and, if they are unable to do so within five (5) business days, the party objecting to the consultant or expert may, within ten (10) court days thereafter, submit the issue to the Court for resolution. No disclosure of Confidential Information may be made to such proposed consultant or expert during the period of the aforesaid objection process and, if the issue is timely submitted to the Court as provided herein, until the Court has resolved the issue.

(b) After the five court-day period set forth in subparagraph 7(a) has expired without objection, but in no event more than ten court-days following the completion of the deposition of the consultant or expert, a party may thereafter still move the Court to allow it to object to a consultant or expert if it can demonstrate: (a) there is new, material information relating to the consultant or expert that was not available to the moving party within the five court-day objection period; and (b) had the moving party been aware of the information at the time, the moving party would have objected to the consultant or expert. In such circumstances, the moving party shall, within ten (10) court days of coming into possession of such new, material information relating to the consultant or expert, provide to the non-moving party a letter, sent by electronic mail, detailing its objection to the consultant or expert. The non-moving party shall

6

respond to such objection by letter, sent by electronic mail, within three (3) court days. If not resolved by the parties, the moving party shall, within ten (10) court days of the non-moving party's letter response (or the lapse of the time period for such response) submit to the Court a motion in respect of the objection and request for a hearing thereon at the Court's earliest convenience. The burden of demonstrating that Confidential Information should not be disclosed to the consultant or expert will be on the party opposing such disclosure. In the event such resolution by the Court is necessary, no additional Confidential Information shall be disclosed to the consultant or expert pending resolution of the issue by the Court.

       8.     A party may examine a witness during a deposition or other pretrial proceeding concerning any information or material designated by a party as Confidential or Highly Confidential under this Protective Order that appears on its face or from other documents or testimony to have been received or authored by that witness, or communicated to that witness, under circumstances that do not constitute a violation of this Protective Order.

       9.     Each person set forth in Paragraph 5 who is not (i) a party to this litigation or, counsel for a party, or staff and supporting personnel of such parties or counsel; (ii) the Court or Court personnel; or (iii) court reporters, interpreters and videographers engaged in connection with the action to whom material designated as Confidential or Highly Confidential under this Protective Order may be disclosed, shall, prior to receiving such material, be furnished with a copy of this Protective Order, and a copy of the Notification of Protective Order, in the form of that attached hereto as Exhibit A, which the person shall read and sign. Counsel for the party seeking to disclose material designated under this Protective Order as Confidential or Highly Confidential to any such person pursuant to this paragraph shall be responsible for retaining the

executed originals of all such Notifications. Copies of any such Notification shall be provided to counsel for the other parties upon execution of the Notification.

10. The recipient of any material designated under this Protective Order as Confidential or Highly Confidential shall maintain the confidentiality of such information.

11. Any third party may obtain protection under this Protective Order by complying with paragraphs 3 and 4 of this Protective Order regarding designating materials as Confidential or Highly Confidential. A party serving a discovery request on a third party in the action shall notify the third party that the protections of the Protective Order are available to such third party.

12. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or proceeding before the Court, or to seek further relief (including a further protective order) from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver of any right, claim, defense or position by any party.

13. In the event that any material designated under this Protective Order as Confidential or Highly Confidential is used, described, characterized, excerpted or referenced in, or attached to, any Court proceeding or Court submission in this litigation: (i) it shall not lose its confidential status through such use; (ii) the parties shall take all steps reasonably required to protect its confidentiality in such submission and during such proceeding; and (iii) the party submitting such material shall file the same under seal, except that upon the failure of the filing party to designate such information as Confidential or Highly Confidential or to file the same under seal, any party may make an appropriate application to the Court to do so. Envelopes in which such materials are filed shall carry the notation: "SUBJECT TO PROTECTIVE ORDER

8

– FILED UNDER SEAL," or a similar notation, and shall comply with all requirements of the Court for filing material under seal. Envelopes so marked shall be delivered sealed to the Clerk of the Court, and the contents thereof shall not be made available for public inspection. Where possible, only those portions of filings with the Court designated as Confidential or Highly Confidential shall be filed under seal. The parties shall cooperate in good faith in an effort to ascertain whether the confidentiality designations of materials filed with the Court, or the filing of such materials under seal, can be waived.

14. A party shall not be obligated to challenge the propriety of material designated as Confidential or Highly Confidential under this Protective Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to such designation. In the event that any party to the action disagrees at any stage of these proceedings with such designation, such party shall provide to the designating party a letter, sent by electronic mail, detailing its objection to the designation. The designating party shall respond to such objection by letter, sent by electronic mail, within three (3) court days. If not resolved, the objecting party shall, within ten (10) court days of the designating party's letter response (or the lapse of the time period for such response) submit to the Court a motion for respect of the objection and a request for a hearing at the Court's earliest convenience. The burden of demonstrating that information has been properly designated as Confidential or Highly Confidential under this Protective Order is on the party making such designation.

15. Nothing in this Protective Order shall preclude any party to the action or its counsel: (a) from showing a document designated as Confidential or Highly Confidential under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of the action; or (b) from disclosing or using, in any manner or for any purpose, any

9

information or documents from the party's own files which the party itself has designated under this Protective Order.

    16. Nothing in this Protective Order shall prevent disclosure otherwise prohibited by the terms of this Protective Order if the party who designated such material as Confidential or Highly Confidential consents in writing to such disclosure, or if the Court orders such disclosure. A party requested to disclose material designated as Confidential or Highly Confidential under this Protective Order to a nonparty pursuant to a validly served subpoena, civil investigative demand, discovery procedure permitted under the Federal (or applicable state) Rules of Civil Procedure, or other formal discovery request shall object to its production to the extent permitted by applicable law and shall notify the requesting nonparty of the existence of this Protective Order and that the material requested by the nonparty has been designated as Confidential or Highly Confidential under this Protective Order, and shall further give notice of such request, by facsimile, e-mail and/or next business day delivery, upon the party which designated the material hereunder as soon as is reasonably possible, but in all instances no later than three (3) days prior to the date on which such Confidential or Highly Confidential Information is to be produced to the nonparty.

    17. If a party inadvertently fails to designate material and/or information hereunder, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality with respect thereto, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject matter. As soon as the receiving party is notified in writing of the inadvertent production and of the designation of such material or information as Confidential or Highly Confidential, such material or information shall thereafter be treated as if it had been timely designated under this Protective Order, and the receiving party shall endeavor

in good faith to obtain the return of all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 5 above, as well as any copies made by such persons, although such prior disclosure or distribution shall not be violative of this Protective Order.

18.     All counsel for the parties who have access to information or material designated as Confidential or Highly Confidential under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of the Court for purposes of enforcing this Protective Order.

19.     Entering into, agreeing to, and/or producing or receiving without objection information or material designated as Confidential or Highly Confidential under this Protective Order, or otherwise complying with the terms of this Protective Order, shall not:

   a. operate as an admission by any party that any particular information or material designated under this Protective Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

   b. prejudice in any way the rights of any party to object to the production of documents they consider privileged or otherwise not subject to production in discovery;

   c. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence, on any ground, of any document, testimony or other evidence;

11

    d. prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

    e. prejudice in any way the rights of any party to petition the Court for a modification of this Protective Order or for a further protective order relating to any confidential information;

    f. prevent all parties from jointly agreeing in writing or on the record during a deposition or proceeding in the action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

20. This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to that party prior to the time of disclosure and was not subject to a duty of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.

21. In the event that information in the possession or control of a party (1) is subject to the confidentiality rights of a nonparty or (2) its disclosure would violate a protective order issued in another action, or a confidentiality agreement, the party with possession or control of the information will promptly attempt to obtain the consent of the nonparty to disclose the information under this Protective Order. If the consent of the nonparty is refused or otherwise cannot be obtained, such party will promptly thereafter notify the party seeking such discovery of: (a) the existence and description (to the extent disclosable) of the information without

producing such information and; (b) the identity of the nonparty (provided, however, that such disclosure of the identity of the nonparty does not violate any confidentiality obligations). The party seeking such discovery may then make further application to the nonparty or seek an order compelling the requested discovery.

22.   Within sixty (60) days after the final termination of the action, including all appeals or the expiration of the time for filing a notice of appeal, all material and information designated as Confidential or Highly Confidential under this Protective Order, and all copies thereof (including summaries and excerpts), shall be either returned to the party that produced the same or destroyed with a written certification of such destruction supplied to the producing party; provided, however, that counsel for each party who is entitled to access to such designated material under Paragraph 5 may retain one copy of all such material and complete and unredacted copies of its work product that contains designated material as well as all pleadings and papers filed with the Court or served on the other party in the action. Reference to designated materials so retained by counsel (including such materials in work product or pleadings) shall be made solely in the event of further proceedings or litigation between the parties to the action, a dispute over such counsel's performance, or a dispute over the use or dissemination of material designated under this Protective Order. Such retained copies of designated materials shall remain subject to this Protective Order, which shall survive the final termination of the action with respect to any such retained confidential material.

SO STIPULATED:

Dated: July 17, 2008        ROSENBERG & GIGER P.C.

By: _____
Matthew H. Giger (MG 3731)
488 Madison Avenue, 10th Floor
New York, NY 10022
Tel: 212-705-4826
Fax: 212-705-4826

*Counsel for Plaintiff*

Dated: July 17, 2008        TARTER KRINSKY & DROGIN LLP

By: _____
Andrew N. Krinsky (AK 0997)
Linda S. Roth (LR 8255)
1350 Broadway
New York, NY 10018
Tel: 212-705-4826

*Counsel for Defendants*

IT IS SO ORDERED.
Dated: 7/21, 2008

_____
UNITED STATES DISTRICT JUDGE

14

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
BRUCE MEISEL,                                :
                                             :   Case No. 07 Civ. 11610 (PKL)
                Plaintiff,                   :
                                             :   **Acknowledgement of**
        - against -                          :   **Stipulate Protective Order**
                                             :
MICHAEL GRUNBERG,                            :
FANNY GRUNBERG,                              :
and ARIEL GRUNBERG,                          :
                                             :
                Defendants.                  :
---------------------------------------------x

The undersigned hereby acknowledges that he (she) has read the Stipulated Protective Order ("Protective Order") entered on _____, 2008 in the above-captioned lawsuit, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees (a) not to use or disclose any Confidential or Highly Confidential documents or information made available to him (her) other than in accordance with the Protective Order; and (b) to submit to the jurisdiction of the Court in respect of the enforcement of the Protective Order and redress for the violation of the terms thereof.

Dated: _____

By: _____

Printed Name: _____

Title: _____

Name of Employer: _____