UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

BRUCE M. MEISEL,

    Plaintiff,

  against

MICHAEL GRUNBERG,
FANNY GRUNBERG,
and ARIEL GRUNBERG,

    Defendants.

---

C.A. No. 07 Civ. 11610 (PKL)


### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL
### SUBMISSIONS CONCERNING THEIR MOTION TO DISMISS


**ROSENBERG & GIGER P.C.**
*Attorneys for Plaintiff*
Matthew H. Giger (MG3731)
John J. Rosenberg (RG1206)
488 Madison Avenue, 10th Floor
New York, NY 10022
Tel (212) 705-4824
Fax (212) 593-9175

**TABLE OF CONTENTS**

**Page**

Preliminary Statement ........................................................................................................1

Statement of Facts .............................................................................................................1

Defendants' Misleading Characterization of Plaintiff's Claims .........................................2

Argument ...........................................................................................................................3

    I.    This Court Should Not Consider the Correspondence Cited by Defendants in Deciding the Pending Motion to Dismiss. ...........................................4

        A. The Correspondence is not "Integral" to the Complaint .........................4

        B. Plaintiff Must be Afforded Full Discovery Concerning "Reasonable Reliance." ..........................................................................5

    II.   The Correspondence Cited by Defendants Does Not Undermine Plaintiff's Allegations of "Reasonable Reliance." ...................................................7

        A. Defendants' Arguments Address, At Most, Only One Narrow Aspect of Defendants' Misrepresentation Claims ...................................7

            (i) Defendants' Arguments Are Inapplicable to the Non-Disclosure Aspects of Plaintiff's Claims ............................7

            (ii) Defendants' Evidence, At Most, Touches Solely on M. Grunberg's Misrepresentations of Value ..............................9

        B. The Correspondence Cited by Defendants Is Not Dispositive of Plaintiff's Reasonable Reliance on M. Grunberg's Representations of Value ....................................................................................................9

            (i) Reasonable Reliance is Generally Not Susceptible to Summary Disposition .......................................................9

            (ii) The Correspondence Is Not Dispositive of Reasonable Reliance ........................................................................10

Conclusion ........................................................................................................................13

Plaintiff Bruce M. Meisel ("plaintiff" or "Mr. Meisel") opposes defendants' request to supplement the record in connection with their pending motion to dismiss the Complaint.

## Preliminary Statement

Ignoring the Federal Rules of Civil Procedure and well-established precedent, defendants seek to "supplement" the record on their motion to dismiss – a motion that is properly addressed solely to the pleadings – with certain e-mails and letters (the "Correspondence") that are mentioned nowhere in the Complaint and that, at most, raise an issue of fact concerning the reasonableness of Mr. Meisel's reliance on one narrow category of defendants' misrepresentations and omissions. Given the early status of discovery in this action, the Court should deny defendants' request on purely procedural grounds, as the Court properly should not consider matters extrinsic to the Complaint without first affording Mr. Meisel the opportunity to conduct discovery concerning the fact-bound issue of his reasonable reliance. But even if the Court is inclined to consider the Correspondence at this time, the Court should deny defendants' motion to dismiss, as the present record is far from dispositive of Mr. Meisel's reasonable reliance on the misrepresentations alleged in the Complaint.

## Statement of Facts

A comprehensive statement of the facts underlying this action appears in plaintiff's opposition to defendants' motion to dismiss, dated March 28, 2008, to which plaintiff respectfully refers the Court. Nonetheless, solely to place defendants' present "supplemental" application in the proper context, plaintiff offers the following summary.

Plaintiff's Complaint alleges a scheme by all three defendants, acting in concert, to fraudulently induce Mr. Meisel to sell his minority interest in his partnership with defendant Fanny Grunberg (the "Partnership"). Defendants' scheme had two phases: first, defendant Michael Grunberg ("M. Grunberg"), acting on his own behalf and as agent for the Partnership

and co-defendants Fanny and Ariel Grunberg, induced Mr. Meisel to sell his Partnership interest through various misrepresentations, omissions and breaches of fiduciary duty identified in the Complaint (the "Buy-Out"); <u>second,</u> immediately following the Buy-Out, all three defendants consolidated their partnership interests and offered for sale the Partnership's only asset – two adjoining buildings located in mid-town Manhattan (the "Properties") – for more than double the price that had served as the predicate for the fraudulently induced Buy-Out.

The Complaint asserts claims for breach of fiduciary duty, fraud and negligent misrepresentation.

### Defendants' Misleading Characterization of Plaintiff's Claims

In a strained attempt to inflate the significance of the Correspondence to plaintiff's causes of action, defendants' Supplemental Memorandum presents an artificially limited version of Mr. Meisel's fraud and misrepresentation claims. Defendants misidentify the "gravamen" of the Complaint as Michael Grunberg's ("M. Grunberg's") misrepresentations concerning the market value of the Properties. (Defs' Suppl. Mem. at 2.) As even a cursory review of the Complaint reveals, those misrepresentations are but one facet of the numerous misrepresentations and omissions identified in the Complaint, which also include (1) falsely stating that defendants had no intention of selling the properties at issue (the "Properties"); (2) failing to disclose defendants' actual intention to place the Properties on the market almost immediately after purchasing Mr. Meisel's partnership interest (the "Buy-Out"); (3) failing to disclose accurate income figures for the Properties, including certain "projected" figures; (4) failing to disclose defendants' plans to renovate and improve the Properties, including the combination of the lobbies and the addition of retail space; and (5) misrepresenting the supposed necessity and urgency of using certain "1031 Exchange Funds" to purchase Mr. Meisel's interest. (See Compl. ¶¶ 59, 67, 70, 72.) The Complaint fits these allegations into its detailed description of

2

defendants' scheme to deceive Mr. Meisel into relinquishing his partnership at an artificially low price through undue pressure, misrepresentations and breaches of fiduciary duty, and then to immediately sell the Properties for a substantial profit, retaining all proceeds for themselves. Defendants' attempt to restrict the breadth of Mr. Meisel's claims to misrepresentations of "value" – an effort that is essential to their present motion – is belied by the Complaint itself.

Having erected their own fanciful and unduly limited construction of the Complaint, defendants then attempt to counter that narrow construction with the Correspondence, in which Mr. Meisel and his agent and advisor, Jerome Block, (1) attempted to analyze the value of the Properties and (2) expressed frustration and skepticism concerning M. Grunberg's negotiation tactics. Defendants argue that the Correspondence conclusively establishes that Mr. Meisel "in no way trusted the Massey Knakal Opinion of Value or anything else that Michael [Grunberg] told him." (Suppl. Mem. at 5.) Based on this factual leap, defendants seek the dismissal of Mr. Meisel's fraud and negligent misrepresentation claims in their entirety. The Court should reject this request and deny defendants' motion.

## **Argument**

As discussed in more detail below, the Correspondence raises, at best, a highly disputed issue of fact that may not properly be considered by the Court in connection with the pending motion to dismiss, and is generally not susceptible to resolution even on a motion for summary judgment following comprehensive discovery. Moreover, even if the Court considers the Correspondence now, it concerns only a thin sliver of the broad scheme to defraud outlined in the Complaint – *i.e.*, Mr. Meisel's reliance on M. Grunberg's misrepresentations concerning the value of the Properties. Even on the current incomplete record, the Correspondence is in no way dispositive of that narrow issue, let alone, as defendants would have this Court believe, the entirety of Mr. Meisel's misrepresentation claims. As such, this Court should deny defendants'

3

"supplemental" application and should decline to dismiss Mr. Meisel's fraud and negligent misrepresentation claims.

I.   **This Court Should Not Consider the Correspondence Cited by Defendants in Deciding the Pending Motion to Dismiss.**

Because the Correspondence is nowhere mentioned or even hinted at in the Complaint, it may not properly be considered in the context of defendants' dismissal motion under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim." Moreover, as substantial discovery remains to be undertaken, including party depositions, this Court may not properly consider the Correspondence at this early procedural juncture – *i.e.*, without first permitting comprehensive discovery on the factual issue of "reasonable reliance."

A.   **The Correspondence is not "Integral" to the Complaint.**

The Correspondence is not appropriate for consideration in connection with defendants' pending motion to dismiss. It is well-established that, when considering a motion under Fed. R. Civ. P. 12(b)(6), courts are limited to the allegations of the complaint and any document "attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Where a document is not attached to the complaint or incorporated by reference, courts may consider it only when the Complaint "relies heavily upon its terms and effect," rendering the document "integral to the complaint." Chambers, 282 F.3d at 153. As the Second Circuit stressed in Chambers, "a plaintiff's reliance on the terms and effect of a document in drafting a complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." Id. (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)).

Here, defendants seek to supplement the record on their motion to dismiss with correspondence between Messrs. Meisel and Block that is not quoted, referenced or even hinted

4

at in the Complaint, let alone "integral" to that pleading. Despite being on notice of this glaring defect in their application,[1] defendants choose to ignore it in their Supplemental Memorandum. While they may have successfully avoided making an unsustainable argument, they have, in the process, completely undermined their "supplemental" application by conceding a dispositive issue *sub silentio*. It is beyond dispute that the Correspondence is not "integral" to plaintiff's Complaint, and this Court should, on that basis alone, refuse to consider the Correspondence on defendants' motion to dismiss.

### B.   Plaintiff Must be Afforded Full Discovery Concerning "Reasonable Reliance."

Because the Correspondence indisputably presents matters outside the pleadings, if the Court decides to include the Correspondence in the record on defendants' dismissal motion, the Court is "obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." Chambers, 282 F.3d at 154; see also Fed. R. Civ. P. 12(b) (requiring the Court, if it choses to consider matters outside the pleadings, to afford the non-movant "a reasonable opportunity to present all material that is pertinent to the motion"). The "conversion requirement is strictly enforced whenever a district court considers extra-pleading material in ruling on a motion to dismiss." Id.; see also Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006) (finding reversible error where the district court considered materials outside the complaint and failed to convert the motion to dismiss to one for summary judgment).

Given the early stage of this action, it is procedurally impractical for the Court to convert defendants' motion to dismiss to one for summary judgment. Instead, plaintiff submits that the

---

[1] By letter to the Court dated July 15, 2008, Mr. Meisel argued, through counsel, that defendants' "supplemental" evidence is "not so 'integral to the Complaint' that the Court should consider [it] in connection with defendants' motion to dismiss."

5

Court should simply decline to consider the Correspondence at this time; should decide the pending motion to dismiss on the pleadings; and should reserve for another day the resolution of factual issues, such as reasonable reliance, either by summary judgment (if warranted) or at trial. Mr. Meisel's reasonable reliance on M. Grunberg's representations of the Properties' value is just one issue among many that may be the subject of summary judgment motions in this action. The Court should not afford defendants a separate, early summary judgment procedure on a single narrow issue simply because they have improperly polluted the record on their dismissal motion with matters outside the pleadings.

If, however, the Court is inclined to consider the Correspondence and convert the present motion to one for partial summary judgment, it is clear that it cannot decide such a motion on the present record, but must first provide plaintiff with additional discovery. Substantial discovery remains to be completed: document discovery is not complete; multiple third-party subpoenas have been served and remain outstanding; and none of the parties have been deposed to date. The subpoenaed third-parties include Mr. Block, the recipient or author of each item of Correspondence, and other individuals to whom Mr. Meisel spoke about the value of the Properties and his negotiations with M. Grunberg. The Court cannot decide the issue of Mr. Meisel's "reasonable reliance" without first hearing from these third parties (and Mr. Meisel himself) under oath concerning, *inter alia*, Mr. Meisel's sophistication and experience in estimating the value of New York real estate; his state of mind during his negotiations with M. Grunberg; the nature of Mr. Meisel's relationship with M. Grunberg; the full nature and scope of defendants' misrepresentations and omissions; and Mr. Meisel's and his advisors' confidence in their independent estimates of the Properties' value. Thus, at a minimum, the Court should defer consideration of plaintiff's "supplemental" evidence pending the completion of discovery, and should revisit the issue at that time in conjunction with any other motions for summary judgment

6

filed by the parties, after affording plaintiff the requisite "opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(b).

## II. The Correspondence Cited by Defendants Does Not Undermine Plaintiff's Allegations of "Reasonable Reliance."

Even if the Court is inclined to consider defendants' "supplemental" Correspondence at this juncture, it should hold that the Correspondence does not dispositively undermine plaintiff's allegations of reasonable reliance. First, despite defendants' specious request to dismiss the fraud and negligent misrepresentation claims in their entirety, the Correspondence relates solely to one narrow aspect of those claims: defendants' affirmative misrepresentations concerning the value of the Properties. Second, even with respect to this narrow issue, defendants' presentation of the Correspondence, at most, raises certain factual issues regarding Plaintiff's reliance that should be reserved for resolution at trial.

### A. Defendants' Arguments Address, At Most, Only One Narrow Aspect of Defendants' Misrepresentation Claims.

The Correspondence, while by no means dispositive of any claim, pertains solely to plaintiff's allegations concerning M. Grunberg's affirmative misrepresentations of the value of the Properties. The Correspondence is entirely irrelevant to plaintiff's additional allegations of material misrepresentations, omissions and breaches of fiduciary duty.

#### (i) Defendants' Arguments Are Inapplicable to the Non-Disclosure Aspects of Plaintiff's Claims.

M. Grunberg had a duty to disclose all material information relevant to the Buy-Out, and the Correspondence does nothing to negate that duty, nor is it even relevant to the non-disclosure issue. There is no requirement of "reasonable reliance" to state a claim for fraud based upon material omissions, as there is no representation upon which to rely. Rather, when a party has a duty to disclose material information, "the mere failure to disclose facts which one is required to

7

may constitute actual fraud, provided the fiduciary possesses the adequate intent to deceive." Huang v. Sy, No. 15155/90, 2008 N.Y. Misc. LEXIS 793, at *18 (Sup. Ct. Feb. 28, 2008).

A duty to disclose material information will arise, *inter alia*, "where there exists a confidential or fiduciary relationship" between the parties or "where one party has superior knowledge of facts which are not available or discoverable with reasonable diligence by the other party." Id. at *17. Here, defendants' duty of disclosure to plaintiff arises from both of these sources.

As a fiduciary, Mr. Meisel was "entitled to expect [defendants] to disclose any information in [their] possession that could reasonably bear on [Mr. Meisel's] consideration of [the Buy-Out]." Littman v. Magee, No. 602176/06, 2008 N.Y. App. Div. LEXIS 5261, at *7 (1st Dep't June 10, 2008). In fact, based on their fiduciary relationship with Mr. Meisel, defendants were "strictly obligated to make full disclosure of all material facts." Id.; see also Blue Chip Emerald LLC v. Allied Partners Inc., 299 A.D.2d 278, 279, 750 N.Y.S.2d 291, 294 (1st Dep't 2002) ("when a fiduciary . . . deals with the beneficiary of the duty in a matter relating to the fiduciary relationship, the fiduciary is strictly obligated to make full disclosure of all material facts").

Moreover, absent disclosure by defendants, Mr. Meisel would have no opportunity to discover the material omissions asserted in the Complaint through "reasonable diligence." Only defendants were aware of their furtive intent – contrary to M. Grunberg's representations – to place the Properties on the market immediately after purchasing Mr. Meisel's interest. Similarly, defendants had a duty to disclose their plans to increase the value of the Properties through renovations, including by combining the lobbies and adding retail space. Mr. Meisel had no

8

knowledge of these plans, which defendants failed to disclose to him, and had no way to discover defendants' true intentions with "reasonable diligence."[2]

### (ii) Defendants' Evidence, At Most, Touches Solely on M. Grunberg's Misrepresentations of Value.

The Correspondence pertains *solely* to M. Grunberg's misrepresentations and negotiation tactics with respect to the value of the Properties. In short, the Correspondence suggests that Mr. Meisel, with the help of his advisor, Mr. Block, attempted to perform some independent analysis of the value of the Properties and was skeptical of M. Grunberg's negotiation tactics concerning the price of the Buy-Out. The Correspondence does not address at all any of defendants' additional misrepresentations, discussed above, that are alleged in the Complaint. These additional allegations are a central component of the fraudulent scheme alleged in the Complaint and are simply untouched by defendants' present application to "supplement" the record.

### B. The Correspondence Cited by Defendants Is Not Dispositive of Plaintiff's Reasonable Reliance on M. Grunberg's Representations of Value.

Even if the Court considers the Correspondence in the context of defendants' dismissal motion, there remain significant questions of fact that foreclose the possibility of a summary disposition concerning the reasonableness of Mr. Meisel's reliance on M. Grunberg's misrepresentations of the Properties' value.

### (i) Reasonable Reliance is Generally Not Susceptible to Summary Disposition.

It is well-established that whether reliance on a misrepresentation was reasonable is "intensely fact-specific and generally considered inappropriate for determination on a motion to dismiss." Doehla v. Wathne Limited, Inc., No. 98 Civ. 6087(CSH), 1999 U.S. Dist. LEXIS 11787, at *29 (S.D.N.Y. 1999); see also Thomas H. Lee Equity Fund L.P. v. Grant Thornton

---

[2] The limited discovery to date in this action has confirmed that defendants had concrete plans in place prior to the Buy-Out to combine the lobbies of the Properties and add retail space, improvements that would significantly increase the long-term value of the Properties. Defendants' failure to disclose this significant fact to Mr. Meisel is one basis of Mr. Meisel's claims, among several, upon which the Correspondence has absolutely no bearing.

9

L.L.P., No. 07 Civ. 8663, 2008 U.S. Dist LEXIS 59220, at *42-*43 (S.D.N.Y. August 6, 2008) (denying motion to dismiss addressed to "reasonable reliance" issue); City of Amsterdam v. Goldreyer, Ltd., 882 F. Supp. 1273, 1281-82 (S.D.N.Y. 1995) (denying motion to dismiss fraud claim, and holding that "defendants' argument that the City's reliance was not justified is an issue of fact that must be litigated at trial"); Jacquith v. Newhard, 1993 U.S. Dist. LEXIS 5214, *48 (S.D.N.Y. 1993) ("[T]he reasonableness of the reliance cannot be resolved on a motion to dismiss."). Indeed, the issue is generally not susceptible to disposition on summary judgment, even after the completion of comprehensive discovery. See Brunetti v. Musallam, 11 A.D.3d 280, 281, 783 N.Y.S.2d 347, 349 (1st Dep't 2004) (reversing grant of summary judgment, and holding that "issues of . . . reasonable reliance . . . are not subject to summary disposition"); JP Morgan Chase Bank v. Winnick, 350 F. Supp. 2d 393, 413 (S.D.N.Y. 2004) (denying summary judgment and holding that the "issue of whether [plaintiff's] reliance was reasonable or justifiable is a factual question inappropriate for summary adjudication"). It is a "rare circumstance" in which the issue of reliance can be resolved even at the summary judgment stage. Global Minerals and Metals, Corp., v. Holme, 35 A.D.3d 93, 99, 824 N.Y.S.2d 210, 215 (1st Dep't 2006). This is not one of those "rare circumstances": the Correspondence is by no means dispositive of the fact-intensive issue of Mr. Meisel's reasonable reliance.

### (ii) *The Correspondence Is Not Dispositive of Reasonable Reliance.*

The Correspondence does not come close to demonstrating – as a dispositive matter of law – that Mr. Meisel's reliance on M. Grunberg's representations of value was unreasonable.

The reasonableness *vel non* of a party's reliance on misrepresentations is a multi-faceted determination based upon "the entire context of the transaction[.]" Monahan Ford v. Ford Motor Company, 340 B.R. 1, 32 (Bankr. E.D.N.Y 2006). In analyzing the issue, the Court should consider a number of factors, including "the complexity and magnitude of the transaction, [the]

10

sophistication of the parties, [the] content of any agreements between them, [and the] *existence of a fiduciary relationship.*" Id. (emphasis added); Winnick, 350 F. Supp. 2d at 406 (noting that "New York takes a contextual view, focusing on the level of sophistication of the parties, the relationship between them, and the information available at the time of the operative decision"). In arguing that Mr. Meisel's reliance was not reasonable as a matter of law, defendants ignore both the "context" of the Buy-Out negotiations and the various factors to be considered by this Court.

In this case, M. Grunberg, operating in a fiduciary capacity toward Mr. Meisel, provided Mr. Meisel with an "Opinion of Value" for the Properties that was prepared by Massey Knakal Realty Services, a respected and market-leading real estate brokerage firm, and was based upon income and expense numbers provided to Massey Knakal by defendants.[3] (Compl. ¶¶ 33-36.) The fact that Mr. Meisel attempted to perform some independent analysis of the value of the Properties at some point during the parties' negotiations does not foreclose the possibility of his ultimate reliance on the Massey Knakal "Opinion of Value" or on M. Grunberg's related representations of value. Notably, each piece of the Correspondence is dated more than two months prior to the date of the Buy-Out. As alleged in the Complaint, during this two-month period, defendants continued to hold Mr. Meisel hostage as a minority partner in an underperforming property by refusing to consent to the sale of his partnership interest to another party and declining to take any of the value-optimizing steps proposed by Mr. Meisel. (See id. ¶¶ 46-48.) Operating with the leverage of this self-created (and improper) advantage, M. Grunberg, Mr. Meisel's fiduciary, then invented and fraudulently offered Mr. Meisel an "escape" from his predicament, claiming that there was only a short "window of opportunity" for defendants to buy Mr. Meisel's interest. (Id. ¶¶ 43-45.) There is no evidence that, in light of M.

---

[3] Massey Knakal's employees have testified under oath that Massey Knakal prepared an earlier Opinion of Value arriving at a value of the Properties that was $10 million greater than that in the Opinion provided to Mr. Meisel. Defendants neglected to disclose this earlier Opinion to Mr. Meisel.

11

Grunberg's other misrepresentations, Mr. Meisel did not reconsider his preliminary analysis during this two-month period, or that he did not ultimately rely on the ostensibly detailed and in-depth "Opinion of Value" prepared by Massey Knakal in agreeing to accept defendants' price for the Buy-Out.

Moreover, defendants completely ignore the crucial factor, as alleged in the Complaint, that Mr. Meisel stood in a fiduciary relationship with defendants throughout the negotiation of his Buy-Out. (Compl. ¶¶ 64-66.) In light of this relationship, Mr. Meisel was entitled to rely on the representations of M. Grunberg. See, e.g., Littman, 2008 N.Y. App. Div. LEXIS 5261, at *10-*11 (reversing dismissal of complaint where parties were fiduciaries and plaintiff asserted that defendant withheld financial information). Moreover, the relative "sophistication" of the parties, and its affect on Mr. Meisel's ultimate decision to rely on the "Opinion of Value" – other factors that the Court should properly consider – are disputed factual issues that have yet to be explored at discovery.

In sum, defendants have not come close to conclusively establishing that Mr. Meisel's alleged reliance on M. Grunberg's "value" misrepresentations was unreasonable, and Mr. Meisel should not be denied the opportunity to establish the reasonableness of his reliance following the completion of appropriate discovery.

12

## Conclusion

For the reasons set forth above, this Court should exclude the Correspondence from the record on defendants' motion to dismiss, and the motion should be denied.

Dated: September 5, 2008
New York, New York

ROSENBERG & GIGER P.C.

By: _____
Matthew H. Giger (MG3730)
John J. Rosenberg (RG1206)
488 Madison Avenue, 10th Floor
New York, NY 10022
Tel (212) 705-4824
Fax (212) 593-9175

*Attorneys for Plaintiff*

13