UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRUCE M. MEISEL, | ) | |
| Plaintiff, | ) | |
| against | ) | C.A. No.  07 Civ. 11610 (BSJ) |
| MICHAEL GRUNBERG and FANNY GRUNBERG, | ) | |
| Defendants. | ) | |

## PLAINTIFF BRUCE MEISEL'S
## PROPOSED JURY INSTRUCTIONS

Plaintiff Bruce Meisel submits the annexed proposed jury instructions in

accordance with section 3.B.i. of Judge Jones's Individual Practice Rules.


Dated: New York, New York
       February 18, 2011

ROSENBERG & GIGER P.C.

By: _____
    Matthew H. Giger (MG 3731)
    John J. Rosenberg (JR 5292)
    Brett T. Perala (BP 0913)
    488 Madison Avenue, 10th Floor
    New York, New York 10022
    (212) 705-4824

*Attorneys for Plaintiff Bruce Meisel*

# GENERAL INSTRUCTIONS /

# INTRODUCTION

## 1.    General Introduction

Now that you have heard the evidence and closing arguments, it is my duty to instruct you about the applicable law.  It is your duty as jurors to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law as I have presented it to you.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 103.01 (5th ed. 2000) (as modified)

## 2.    Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to the plaintiff and to each defendant in the case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 103.10 (5th ed. 2000)

# INTERPRETATION OF EVIDENCE

### 3.    Evidence in the Case - - General

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses at trial and through deposition transcripts, regardless of who called the witness or presented the transcripts, all exhibits received in evidence, regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to by the parties [and all facts and events that may have been judicially noticed].

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

[If I have declared that I will take judicial notice of a fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.]

You must entirely disregard any evidence to which I have sustained an objection and evidence that I have ordered stricken regardless of your feelings concerning the value of that evidence or any opinion that you may have about my ruling concerning that evidence.

---

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 103.30 (5th ed. 2000) (as modified)

### 4.    "Direct" and "Circumstantial" Evidence

Generally speaking, there are two types of evidence that are usually presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness or a participant in a meeting or conversation. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between direct and circumstantial evidence and gives no greater weight or value to one form of evidence over the other. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.03 (5th ed. 2000) (as modified)

## 5.     "Inferences" Defined

While you are to consider only the evidence in the case, you are not limited to the statements of the witnesses or the documentary evidence.  In other words, you are not limited to what you see and hear as the witnesses testify or what you see in the documents.  Rather, you may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.20 (5th ed. 2000) (as modified)

### 6.    Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for any particular party or as to the existence or nonexistence of any fact. You may find that the testimony of one witness or a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in favor of a party that produces more witnesses if those witnesses do not produce in your minds a belief in the likelihood of the truth of that fact, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and evidence appeal to your minds as being most accurate and otherwise trustworthy.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.54 (5th ed. 2000) (as modified)

7.    **Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

9

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 105.01 (5th ed. 2000)

8.   **Impeachment – Inconsistent Statement or Conduct (*Falsus In Uno Falsus In Omnibus*)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' testimony at trial.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust the other testimony given by that witness, and you may reject some or all of the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if it is done voluntarily and intentionally and not because of mistake or accident or some other innocent reason.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 105.04 (5th ed. 2000)

**9.     Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath, a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial may be considered for the sole purpose of judging the credibility of the witness.  Such evidence, with respect to a witness who is not a party, may not be considered as evidence of the truth of any such statement.

In contrast, where the witness is a party to the case - - that is, the plaintiff or either or both of the defendants - - and in an out-of-court inconsistent statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 105.09 (5th ed. 2000)

## 10.   All Available Witnesses or Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all documents and things mentioned in the evidence in this case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 105.11 (5th ed. 2000)

**11.    Failure to Present All Available Evidence**

Notwithstanding that all available witnesses need not be produced, if you find that any party has failed to call a particular person as a witness who has knowledge about the facts in issue, and that person is reasonably available to the party, but not equally available to the other party, then you may (but are not required to) infer that the testimony of that person is unfavorable to the party who could have called the witness but did not do so.

Similarly, notwithstanding that all available documentary evidence need not be produced, if you find that a party has failed to produce a document that is under that party's control and reasonably available to that party, and not reasonably available to the adverse party, then you may (but are not required to) infer that the document is unfavorable to the party who could have produced it but did not do so.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* §§ 104.25 & 104.26 (5th ed. 2000) (as modified)

### 12.    **Suppression or Fabrication of Evidence**

If you find that a party willfully suppressed, hid, discarded or destroyed evidence in order to prevent that evidence from being presented in this trial, you may consider such conduct in determining what inferences to draw from the evidence that was presented at the trial or the facts in the case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.27 (5th ed. 2000) (as modified)

### 13.   Use of Depositions as Evidence

During the trial, certain testimony has been presented by way of reading to you from transcripts of depositions.  A deposition transcript consists of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

If, however, such deposition testimony was used to discredit or impeach the in-court testimony of a witness who is not a party to this action, as I have previously instructed, you may consider the out-of-court deposition testimony solely for the purpose of judging the credibility of the witness and not as evidence of the truth of any such statement.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 105.02 (5th ed. 2000) (as modified)

## 14.    Answers to Interrogatories

The parties have introduced into evidence certain interrogatories – that is, questions by one party together with answers signed and sworn to by the other party.  A party is bound by its own sworn answers to interrogatories.

In contrast, by introducing an opposing party's answers to interrogatories, the introducing party that asked the questions does not bind itself to the opposing party's answers.  Again, it is the party who answered the question who is bound, although the introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.72 (5th ed. 2000) (as modified)

17

### 15.    Charts and Summaries

Certain charts and summaries have been shown to you in order to help explain or summarize facts disclosed by books, records, and other documents that are in evidence in the case.  These charts or summaries are not themselves evidence or proof of any facts.  If you believe that the charts or summaries do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience.  To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.50 (5th ed. 2000) (as modified)

## 16.   Common Scheme or Plan

Where the evidence shows a common plan or arrangement between two or more persons to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means, evidence as to an act done or statement made by one such person is admissible against the other person or persons involved in the plan, provided the act was done knowingly, or the statement was made knowingly, during the common plan or arrangement, and in furtherance of the intended purpose of the common plan.

I have already determined, as a matter of law, that defendant Michael Grunberg was acting as the agent of Fanny Grunberg for the common plan or purpose of engaging in negotiations with plaintiff Bruce Meisel for the sale of Mr. Meisel's Partnership interest.  Therefore, any act or statement of Michael Grunberg that you find was done or made knowingly in connection with those negotiations is admissible against both Michael Grunberg and Fanny Grunberg.

In addition, because I have already found as a matter of law that Michael Grunberg was acting as defendant Fanny Grunberg's agent during his negotiations with Mr. Meisel, all statements or conduct of Mr. Grunberg during those negotiations that you find based upon the evidence must be considered to be the statements and conduct of both defendants.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 108.04 (5th ed. 2000) (as modified)

Memorandum & Order, dated November 30, 2010 (Doc. # 63)

*Sec. Pac. Mortgage & Real Estate Servs., Inc. v. Herald Ctr., Ltd.*, 891 F.2d 447, 448 (2d Cir. 1989)

# BURDENS OF PROOF

### 17.   Plaintiff's Burdens of Proof

In general, Bruce Meisel, as the plaintiff, has the burden in this civil action to prove every element of his claims by a "preponderance of the evidence."  Solely with respect to his fraud claim, however, Mr. Meisel must prove the elements of that claim by "clear and convincing evidence."  If you find that Mr. Meisel has successfully satisfied his burden of proof for a claim that he asserts, you should find for him as to that claim.  If plaintiff should fail to establish any essential element of a claim by a preponderance of the evidence - - or any element of the fraud claim by clear and convincing evidence - - you should find for the defendants as to that particular claim.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.


3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.01 (5th ed. 2000) (as modified)

*Merrill Lynch & Co., Inc. v. Allegheny Energy Supply Co.*, 500 F.3d 171, 180 (2d Cir. 2007)

## 18.   Preponderance of the Evidence - - Definition

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to a certainty, since proof to a certainty is seldom possible in any case.  In fact, proof of a claim to a 51% percent level of confidence in your mind - - versus 49% - - constitutes a preponderance of the evidence.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.01 (5th ed. 2000) (as modified)

### 19.   Clear and Convincing Evidence - - Definition

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 104.02 (5th ed. 2000)

# SUBSTANTIVE LAW

## 20.    "Partnership" Defined

Plaintiff Bruce Meisel and defendant Fanny Grunberg were partners in a general partnership.  A "partnership" is an association of two or more persons to carry on a business as co-owners for profit.  The members of a partnership are called "partners."

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 108.07 (5th ed. 2000) (as modified)

## 21.   Partners' Fiduciary Duty to Each Other

A partnership is a special relationship under the law, and partners owe each other strict duties that are not owed by individuals engaged in regular, arms-length business negotiations.  Partners owe each other a duty, lasting until the moment they are no longer partners, to protect each others' interests with uncompromising loyalty.

*Birnbaum v. Birnbaum*, 73 N.Y.2d 461, 466, 539 N.E.2d 574, 576 (1989).

## 22.    Plaintiff's Claims

Plaintiff asserts three separate claims against defendants in this case: a claim for breach of fiduciary duty; a claim for fraud; and a claim for negligent misrepresentation.  You should consider and deliberate on each claim separately in light of the evidence presented during the trial.

Amended Complaint & Jury Demand

### 23.   Breach of Fiduciary Duty Claim - - Existence of Duty

Plaintiff Bruce Meisel claims that both defendants, Fanny and Michael Grunberg, breached their fiduciary duties to Mr. Meisel.  One partner has a duty to another partner to act in good faith and in the other partner's best interests during the entire period of the partnership.  A partner owes his or her partner undivided and unqualified loyalty and may not act in any manner contrary to the interests of the second partner.  When a partner, acting in his own interest, deals with his partner in a matter relating to the partnership, he is strictly obligated to be truthful and to make full disclosure of all information that could reasonably bear on his partner's consideration of any offer made by him.

I have already determined, as a matter of law in prior proceedings in this case that both defendants owed Mr. Meisel a fiduciary duty for the entire period of the negotiations between Mr. Meisel and Michael Grunberg, culminating in the agreement for the sale of Mr. Meisel's Partnership interest in June of 2005.  Fanny Grunberg owed a fiduciary duty to Mr. Meisel during this period because she was Mr. Meisel's partner in the Partnership.  Michael Grunberg owed Mr. Meisel an identical fiduciary duty over this same period because he was acting as the agent of Fanny Grunberg in those negotiations.  Therefore, in your deliberations, you must accept as true that both defendants owed Mr. Meisel a fiduciary duty during the entire period leading up to the signature of the letter agreement for the sale of Mr. Meisel's Partnership interest in June of 2005.

2 *N.Y. Pattern Jury Instructions* § 3:59 (2nd ed. 2011) (as modified)

Memorandum & Order, dated November 30, 2010 (Doc. # 63)

*Blue Chip Emerald LLC v. Allied Partners Inc.*, 299 A.D.2d 278, 279, 750 N.Y.S.2d 291, 294 (1st Dep't 2002).

### 24. The Effect of Strained Relations on Partners' Duties to Each Other

There has been some evidence of acrimony or strained relations between plaintiff Bruce Meisel and the defendants in this case. As you consider that evidence, you should keep in mind that any strained relations between the parties did not relieve Michael Grunberg or Fanny Grunberg of their fiduciary obligations to protect Mr. Meisel's interests and to truthfully and completely disclose information to him relating to their dealings concerning the partnership.

*Newburger, Loeb & Co. v. Gross*, 563 F.2d 1057, 1079 (2d Cir. 1977).

**25.    Breach of Fiduciary Duty Claim - - Existence of Breach**

Plaintiff Bruce Meisel claims that defendants Fanny and Michael Grunberg breached their fiduciary duties to him by engaging in the following conduct:

1.  by representing that they were "not sellers" and would not sell the Properties, or their interests in the Properties, and by failing to disclose their intention to place the Properties on the market immediately following the closing of Mr. Meisel's sale of his partnership interest;

2.  by failing to disclose Michael Grunberg's discussions with David Swersky concerning the sale of the Properties to Mr. Swersky;

3.  by providing to Mr. Meisel and endorsing the second Massey Knakal Opinion of value containing a $37 million suggested asking price;

4.  by failing to disclose to Mr. Meisel the original Massey Knakal Opinion of value containing a suggested asking price of $47 million;

5.  by failing to disclose to Mr. Meisel Massey Knakal's document entitled "Proposal to Handle the Disposition of 15 and 19 West 55th Street";

6.  by failing to disclose to Mr. Meisel the Feasibility Analysis prepared by Dennis Hunsicker, an architect, concerning the plan to combine the lobbies of the Properties and add additional retail space;

7.  by interfering with Mr. Meisel's attempts to determine the fair market value of the Properties through Grubb & Ellis, including by solicitation of offers from third parties to purchase the Properties;

8.  by concealing and failing to disclose F. Grunberg's deteriorating health; and

9. by withholding permission for Mr. Meisel to attempt to sell his Partnership interest at a fair market price to a third party.

I have already determined, as a matter of law, in prior proceedings in this case that both defendants breached their fiduciary duties to Mr. Meisel when Michael Grunberg, acting as Fanny Grunberg's agent, failed to disclose to Mr. Meisel the original Opinion of Value prepared by Massey Knakal Realty Services, which contained a suggested asking price for the Properties of $47 million. You must accept this determination as true in your deliberations.

You must also consider whether defendants breached their fiduciary duties to Mr. Meisel by engaging in any of the other conduct alleged by Mr. Meisel to constitute a breach of fiduciary duty, other than the withholding of the $47 million Massey Knakal Opinion of Value, which I have already determined to constitute a breach of those duties.

2 *N.Y. Pattern Jury Instructions* § 3:59 (2nd ed. 2011) (as modified)

Memorandum & Order, dated November 30, 2010 (Doc. # 63)

Amended Complaint & Jury Demand, ¶ 100

**26.   Any One Breach of Fiduciary Duty is Sufficient**

In order to find for Mr. Meisel on his breach of fiduciary duty claim, you do not need to find by a preponderance of the evidence that defendants engaged in every one of the separate acts that Mr. Meisel claims was a breach of fiduciary duty.  Rather, it is sufficient if you find that Michael Grunberg and/or Fanny Grunberg breached their fiduciary duties in any one manner and that such breach resulted in damages to Mr. Meisel, as I will now instruct you in more detail.

**27.   Breach of Fiduciary Duty Claim - - Damages**

With respect to both the breach of fiduciary duty already determined by the Court, and any other breaches of fiduciary duty that you may find, you must determine whether the breach was a substantial factor in causing Mr. Meisel to sustain damages.  If you find that any particular breach of fiduciary duty was not a substantial factor in causing Mr. Meisel to sustain damages, you need proceed no further with respect to that particular breach. However, if you find that any one of defendants' breaches of fiduciary duty was a substantial factor in causing Mr. Meisel to sustain damages, you must then decide the amount of damages that Mr. Meisel sustained as a result.

If you find that any breach of fiduciary duty by defendants was a substantial factor in causing Mr. Meisel to sustain damages, you should award Mr. Meisel the amount of damages that you find to be the actual damages that he sustained, which may include, without limitation, any amounts that you find would have been paid to Mr. Meisel for his Partnership interest if the defendants had not breached their fiduciary duty and/or any ill-gotten gains that defendants obtained through their breaches of fiduciary duty.

2 *N.Y. Pattern Jury Instructions* § 3:59 (2nd ed. 2011) (as modified)

*Marshall v. Milberg LLP*, 07 Civ. 6950 (LAP), 2009 U.S. Dist. LEXIS 121208, at *36 (S.D.N.Y. Dec. 23, 2009)

**28.    Fraud and Deceit by False Statement**

Plaintiff Bruce Meisel seeks to recover damages that he claims were caused by fraud committed by the defendants through false statements and omissions made by defendant Michael Grunberg. I will instruct you regarding fraud by omission or concealment of facts in a moment. As to a claim based on misrepresentation - - that is, a false statement, I instruct you as follows:

Mr. Meisel claims that defendants committed fraud through Michael Grunberg making the following statements of fact while acting as Fanny Grunberg's agent during the negotiations with Mr. Meisel: (1) that defendants had no intention to, and would not sell the Properties or their partnership interests therein; (2) that the Properties were worth the amounts estimated in the second Massey Knakal Opinion of Value, with a suggested asking price of $37 million (that is, a value between $22,375,000 and $33,375,000).

In addition, Mr. Meisel has made a claim against defendant Michael Grunberg alone on the basis of alleged misrepresentations by Mr. Grunberg that defendants had available so-called "like-kind exchange" funds under section 1031 of the IRS Code to purchase Mr. Meisel's partnership interest, which created a limited "window of opportunity" for Mr. Meisel to sell his partnership interest to the defendants.

It is not necessary that Mr. Meisel prove that Michael Grunberg made every misrepresentation that is alleged. It is sufficient if Mr. Grunberg made one such misrepresentation, as long as you find that Mr. Meisel has proved the other elements of his fraud claim, which I will explain to you in a moment.

In pursuing his fraud claims, Mr. Meisel has the burden of proving, by clear and convincing evidence:

First, that Michael Grunberg made a representation of fact alleged by Mr. Meisel;

Second, that the representation was false;

Third, that Mr. Grunberg knew the representation was false or made the representation recklessly without regard to whether it was true or false;

Fourth, that Mr. Grunberg made the representation to induce - - that is, with the intention to cause - - Mr. Meisel to enter into the agreement by which Mr. Meisel sold his Partnership interest for $7.8 million; and

Fifth, that Mr. Meisel justifiably relied upon Mr. Grunberg's representation in deciding to enter into the agreement by which Mr. Meisel sold his Partnership interest for $7.8 million.

The first question you will be asked to decide is whether defendant Michael Grunberg made any of the alleged representations.  If you find that Mr. Grunberg did not make any of the representations, you need proceed no further on this claim for fraud through false statements.  If you find that Mr. Grunberg did make an alleged representation, you must next decide whether each such representation was true or false.  If you find that each of the alleged representations was true, you need proceed no further on this claim. If you find that any one (or more) of the representations was false, you must next decide whether Mr. Grunberg knew that it was false or made it recklessly without regard to whether it was true or false.

If you find that Mr. Grunberg did not know that any of the alleged statements were false and that Mr. Grunberg did not make any of those statements recklessly, you need proceed no further on this claim.  If you find that Mr. Grunberg did know that any one (or more) of representations was

36

false or acted recklessly, you must next decide whether the representation was made to induce Mr. Meisel to enter into the agreement by which Mr. Meisel sold his Partnership interest.

If you find that Mr. Grunberg did not make any of the alleged statements in order to induce Mr. Meisel to enter into the agreement by which Mr. Meisel sold his Partnership interest, you need proceed no further on this claim. If you find that Mr. Grunberg did make any one (or more) of the alleged representations to induce Mr. Meisel to enter into the agreement by which Mr. Meisel sold his Partnership interest, you must next decide whether Mr. Meisel was justified in relying on that representation.

Whether Mr. Meisel was justified in relying upon any such statement generally depends upon whether the fact represented by Michael Grunberg is one that a reasonable person would believe and consider important in deciding whether to engage in a specific act - - in this case, to enter into the agreement by which Mr. Meisel sold his Partnership interest for $7.8 million. If you find that Mr. Meisel was not justified in relying on any of the representations of Mr. Grunberg, you need proceed no further on this claim. If you find that Mr. Meisel was justified in relying on any one or more of the alleged representations, you must next decide whether Mr. Meisel was damaged as a result.

If you find that Mr. Meisel did not sustain any damage as a result of the fraud, you will find for defendants on the claim for fraud through false statements. If you find that Mr. Meisel did sustain damage as a result of the fraud, you must next decide the actual monetary loss the he sustained.

2 *N.Y. Pattern Jury Instructions* § 3:20 (2nd ed. 2011) (as modified)

Amended Complaint & Jury Demand, ¶¶ 103, 110

## 29.   Recklessly - - Defined

"Recklessly" means wantonly, with indifference to consequences.  If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he may be found to have made the representation recklessly.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 123.20 (5th ed. 2000)

**30.   A Partner's Entitlement to Trust His Partner**

In considering the issue of whether Mr. Meisel justifiably relied on the alleged statements, you should keep in mind that, unlike in arms-length business negotiations between individuals who are not partners, a partner is justified in relying on the completeness and truthfulness of his partner's representations - - and the representations of his partner's agents - - concerning the partnership without conducting his own independent investigation or inquiries.

*Andersen v. Weinroth*, 48 A.D.3d 121, 136, 849 N.Y.S.2d 210, 222 (1st Dep't 2007).

**31.   Fraud by Concealment or Omission**

Plaintiff Bruce Meisel also asserts claims for fraud based upon the defendants' failure to disclose to him certain facts that would have been material to his decision to enter into the agreement to sell his Partnership interest for $7.8 million.  In particular, Mr. Meisel claims that defendants committed fraud by concealing and failing to disclose the following facts:

1.  the existence and substance of the first Massey Knakal Opinion of Value containing a suggested asking price of $47 million;

2.  the existence and substance of Massey Knakal's "Proposal to Handle the Disposition of 15 and 19 West 55th Street";

3.  defendants' intention to place the Properties on the market shortly after closing the agreement with Mr. Meisel for an asking price significantly higher than the value of the Properties that served as the basis for the price paid to Mr. Meisel for his Partnership interest;

4.  that M. Grunberg had engaged in discussions with David Swersky, who proposed to purchase the Properties;

5.  the existence and substance of the feasibility analysis prepared by Dennis Hunsicker, an architect, and the fact that defendants had "plans in place" to combine the lobbies and add retail space; and

6.  that defendant Fanny Grunberg's health had deteriorated significantly in the period immediately preceding and during the negotiations leading to the sale of Mr. Meisel's interest.

To establish fraud and deceit based upon concealment of a fact or facts, Mr. Meisel must show each of the following:

One:  that defendants concealed or suppressed a material fact;

Two:  that defendants knew that the fact was material;

Three:  that the omitted fact was unknown and inaccessible to Mr. Meisel;

40

Four:  that defendants intentionally concealed or suppressed the fact with the intent to deceive Mr. Meisel;

Five:  that Mr. Meisel was unaware of the fact and would not have agreed to sell his Partnership interest for the agreed-upon price had he known of the concealed or suppressed fact; and

Six:  that, as a result of the concealment or suppression of the fact, Mr. Meisel has sustained damages.

If you find for Mr. Meisel on his claim for fraud by concealment or omission, you must decide the amount of the monetary loss sustained by Mr. Meisel as a result.

It is not necessary that Mr. Meisel prove the elements of his claim for fraud by concealment or omission with respect to every fact that he alleges defendants concealed or suppressed.  Rather, it is sufficient if defendants concealed or suppressed any one of the allegedly omitted facts, as long as you find that Mr. Meisel has proved the other elements of this claim.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 123.03 (5th ed. 2000) (as modified)

Amended Complaint & Jury Demand, ¶ 105.

**32.   Proximate Cause – In General**

An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.  There may be more than one cause of an injury, but to be substantial, a cause cannot be slight or trivial.

1A *N.Y. Pattern Jury Instructions* § 2:70 (3rd ed. 2011) (as modified)

### 33.   Negligent Misrepresentation

Mr. Meisel also asserts a claim for negligent misrepresentation against both defendants based upon the same alleged representations asserted in his fraud claim.  A person is liable for negligent misrepresentation when he or she makes a statement knowing that the statement is required for a particular purpose and that the statement is made for the benefit of another person who is known to rely upon it and may be damaged if it is inaccurate.  Under those circumstances, the representing person is under a duty to such other person to take reasonable care that the statement is accurate.  Reasonable care means that degree of care that a reasonably prudent person would use under the same circumstances.  Unlike fraud, which requires an intentional misrepresentation or omission, a claim of negligent misrepresentation focuses on whether the party making the alleged misrepresentation was negligent in doing so - - that is, did not exercise reasonable care.

If you find that Michael Grunberg made a statement to Mr. Meisel in connection with the negotiations between Mr. Meisel and Mr. Grunberg while knowing that Mr. Meisel would rely upon that statement and without taking reasonable care to determine that the statement was accurate; and if you find that Mr. Meisel did rely upon that statement in entering into the agreement to sell his Partnership interest; and if you find that Mr. Meisel was damaged as a result, you should find for Mr. Meisel on his negligent misrepresentation claim.

If you find that Mr. Meisel did sustain damage as a result of negligent misrepresentation, you must next decide the actual monetary loss sustained.

1B *N.Y. Pattern Jury Instructions* § 2:230 (3rd ed. 2011) (as modified)

## 34.    Damages

My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff.  It is for you to decide on the evidence presented and the rules of law I have given you whether plaintiff Bruce Meisel is entitled to recover from the defendants.  Only if you decide that Mr. Meisel is entitled to recover will you consider the measure of his damages.

The general measure of damages is the amount of the loss that you find to have been sustained by Mr. Meisel as a direct result of the wrongful conduct of the defendants.  Thus, if you find that Mr. Meisel is entitled to recover from the defendants, you must render a verdict in a sum of money that will justly and fairly compensate him for all losses resulting from the injuries he sustained.

1B *N.Y. Pattern Jury Instructions* § 2:277 (3rd ed. 2011) (as modified)

*Duane Jones Company, Inc. v. Burke*, 306 N.Y.172, 192, 117 N.E.2d 237, 247 (1954)

*Continental Cas. Co. v. PricewaterhouseCoopers, LLP*, 15 N.Y.3d 264, 271, 933 N.E.2d 738, 742 (2010).

### 35.   Disgorgement by Fiduciary of Ill-Gotten Gains

One measure of damages that you may consider in determining whether, and in what amount, to award damages to plaintiff Bruce Meisel is the amount of ill-gotten gains, if any, that defendants obtained as a result of a breach of their fiduciary duties.  If you find that defendants have profited or benefited as a result of a breach of fiduciary duty to Mr. Meisel, you may choose to restore to Mr. Meisel the monetary value of that ill-gotten profit or gain by awarding that amount to Mr. Meisel in your verdict.

*LNC Invs., Inc. v. First Fid. Bank, N.A.*, 173 F.3d 454, 465 (2d Cir. 1999)

### 36.   Punitive Damages

In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive or so-called "exemplary damages," in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find in accordance with my prior instructions that plaintiff Bruce Meisel is entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of defendants which proximately caused actual injury or damage to Mr. Meisel was done maliciously, wantonly, or oppressively, then you may add to the award of actual damages such amount as you shall unanimously agree[1] to be proper as punitive and exemplary damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, of indifference to, Mr. Meisel's rights.

An act or a failure to act is "oppressively" done, if done in a way or manner which injured, or damaged, or otherwise violated Mr. Meisel's rights with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in

---

[1] Fed. R. Civ. P. 48 requires unanimous jury verdicts "[u]nless the parties stipulate otherwise." Thus, if the parties stipulate in advance of trial to a less-than-unanimous verdict, all references in these proposed instructions to the unanimity of the jury verdict should be disregarded.

the case, that the defendants' acts or omissions, which proximately caused actual damage to Mr. Meisel, were maliciously, wantonly or oppressively done.  You should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award Mr. Meisel a verdict for actual or compensatory damages.

You should also bear in mind not only the conditions under which and the purposes for which the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in an amount because of any sympathy, or bias, or prejudice with respect to any party to the case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 123.40 (5th ed. 2000) (as modified)

37.    **Release of All Claims by Plaintiff – Avoidance of Release**

Defendants allege as a defense to Mr. Meisel's claims that, on or about July 22, 2005, in connection with the sale of Mr. Meisel's partnership interest, Mr. Meisel signed and delivered to the defendants an agreement that contained a release, whereby Mr. Meisel released and discharged the defendants from all claims and demands that Mr. Meisel then had, or might thereafter have, on account of any matters that occurred up to the date of the agreement.

Mr. Meisel responds to this defense by claiming that, as a result of defendants' intentional misrepresentations and concealment of facts, he was fraudulently induced to sign the agreement and the related release. The burden is on Mr. Meisel to establish, by a preponderance of the evidence, that the defendants intentionally made some misrepresentation of material fact to him, or intentionally concealed some material fact from him, and that such fraud induced Mr. Meisel to sign the release; which is to say, that Mr. Meisel would not have signed the release, but for the fraud practiced upon him by the defendants.

When you retire to deliberate upon your verdict, you should first consider the issue as to the validity of the release. If you find that Mr. Meisel's signing of the release was induced by defendants' fraud then you should disregard the release as if Mr. Meisel had never signed it and proceed to reach a verdict on each of Mr. Meisel's claims. On the other hand, if you find that Mr. Meisel has not met his burden of overcoming the release, you may return a verdict in favor of defendants on all claims asserted by Mr. Meisel in this case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 107.02 (5th ed. 2000) (as modified)

.

# JURY DELIBERATION &

# PROCEDURES

## 38.    Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without disregarding your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 106.01 (5th ed. 2000) (as modified)

**39.    Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form.**

You must follow the following rules while deliberating and returning your verdict:

<u>First</u>, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

<u>Second</u>, it is your duty, as jurors, to discuss this case with one another and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

<u>Third</u>, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone – including me – how your votes stand numerically.

<u>Fourth</u>, your verdict must be based solely on the evidence, and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

Finally, you will be given a verdict form, which is simply the written notice of the decision that you reached in this case.  The form in this case reads as follows:  [*read form*].  You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 103.50 (5th ed. 2000) (as modified)

**40.    Communications Between Court and Jury During Jury's Deliberations**

No member of the jury should ever attempt to communicate with me by any means other than a signed writing sent to me through the marshal or bailiff, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

In addition, the bailiffs, the parties, the parties' attorneys, and all other persons are similarly forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. As a result, if you see one of the attorneys or one of the parties in the hallway, the cafeteria, the elevators or anywhere else, you should not communicate with them. At the same time, you should not think that they are being rude or discourteous by not speaking to you, as they are prohibited from doing so.

Bear in mind also that you are never to reveal to any person – not even to me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 106.08 (5th ed. 2000) (as modified)

## 41.   Verdict Forms – Jury's Responsibility

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* § 106.07 (5th ed. 2000)

## CERTIFICATE OF SERVICE

I am an attorney admitted to practice in this Court, and I certify that, on this 18th day of February 2011, I caused a true and correct copy of the foregoing Plaintiff Bruce Meisel's Proposed Jury Instructions to be served upon Andrew N. Krinsky, Esq., Tarter Krinsky & Drogin LLP, 1350 Broadway, New York, New York 10086, counsel for defendants, via this Court's electronic filing system.

BRETT T. PERALA